UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                                Chapter 7

    DAVID RUSI,                                          Case No. 23-40150-jmm

                Debtor.                        Adv. Pro. No. 1-23-01087-jmm

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY,

                Plaintiff,

       v.

DAVID RUSI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    ERIK A. ORTMANN, an attorney duly admitted to practice law in the State of New York,

hereby affirms the truth of the following under the penalties of perjury:

    1.        I am a Partner with the law firm Kaufman Dolowich LLP, attorneys for Plaintiff

The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), in the above-captioned adversary

proceeding.  As such, I am fully familiar with the facts set forth herein based upon my personal

knowledge thereof.

    2.        I make this affirmation in support of Ideal Supply's motion for summary judgment

requesting that this Court deem Ideal Supply's claim against Rusi non-dischargeable under 11

U.S.C. § 523(a)(4).

    3.        For the second time, Ideal Supply finds itself in a court proceeding against Rusi

where Rusi refuses to provide Ideal Supply with any of the project documents relevant to

Fahrenheit Mechanical LLC ("Fahrenheit")'s proper maintenance of trust funds as required by the

New York Lien Law (the "Lien Law").

*Rusi's History of Defiance*

4.      Ideal Supply commenced an action against Rusi and Fahrenheit on March 5, 2021

by filing a Summons and Complaint, which Complaint it later amended as of right (the "State

Court Action"). A copy of the Supplemental Summons and Amended Complaint in the State

Court Action are annexed hereto as **Exhibit "1."**

5.      Ideal Supply sought payment due on five construction projects for which it

furnished certain plumbing supplies and materials and other equipment necessary for work

performed by Fahrenheit. (Ex. 1.) The Subject Projects are as follows:

    i.  230 Vesey Street, New York, New York;
    ii.  1 Manhattan West, New York, New York;
    iii.  Pier 57 located at 25 11th Avenue, New York, New York;
    iv.  201 Varick Street, New York, New York; and
    v.  LaGuardia Airport located in Flushing, New York.

(the "Projects").

6.      Fahrenheit and Rusi were represented in the State Court Action. Counsel to

Fahrenheit and Rusi reached out to my office to request additional answering time through June

4, 2021, which Ideal Supply agreed to provide.

7.      As a part of those discussions, Rusi's counsel requested a copy of the Demand for

a Verified Statement that Ideal Supply had served pursuant to New York Lien Law section 76

("Demand for Trust Accounting"), as well as copies of Ideal Supply's outstanding invoices.

8.      On May 18, 2021 and June 1, 2021, this office provided a copy of Ideal Supply's

Demand for Trust Accounting as well as copies of all outstanding invoices to Rusi's counsel (the

"Voluntary Production").

9.      In reply, Rusi's counsel confirmed receipt of the Voluntary Production by email

on June 1, 2021. A copy of the June 1, 2021 Email Reply is attached as **Exhibit "2."**

10.     On June 4, 2021 Rusi and Fahrenheit filed their Answer to the Amended
Complaint in the State Court Action.

11.     Although Fahrenheit and Rusi answered the Amended Complaint and appeared
via counsel, no Verified Statement or Trust Accounting was ever provided.

12.     On July 6, 2021, Ideal Supply filed and served in the State Court Action a
Demand for Bill of Particulars as to Affirmative Defenses raised by Defendants Fahrenheit
Mechanical LLC and David Rusi.  A copy of Plaintiff's Demand for Bill of Particulars as to
Affirmative Defenses is annexed as **Exhibit "3."**

13.     No response was received; as such, this office sent a good faith email to Rusi's
counsel on September 27, 2021.  A copy of the September 27, 2021 Email is annexed as **Exhibit
"4."**

14.     No response was received and a further good faith email was sent on October 25,
2021.  A copy of the October 25, 2021 Email is annexed as **Exhibit "5."**

15.     On October 29, 2021, Ideal Supply served Rusi with a Demand for Documents
and Inspection and Interrogatories.  Copies of Plaintiff's Demand for Discovery and Inspection
to Rusi and First Set of Interrogatories to Rusi are annexed hereto as **Exhibits "6" and "7"**
respectively.

16.     No response was received; as such I sent a good faith email to Rusi's counsel on
November 22, 2021 which provided a 10 day courtesy extension for the responses.  A copy of
the November 22, 2021 Email is annexed as **Exhibit "8."**

17.     Ideal Supply never received any responses to the various outstanding discovery
from Rusi, despite good faith efforts and courtesy extensions provided.

18.     Rusi intentionally failed and refused to provide basic information required in connection with Ideal Supply's claim for Lien Law Art. 3-A trust fund diversion.

19.      Following Rusi's refusal to provide trust fund information, Ideal Supply filed in the State Court Action a motion seeking, *inter alia*, a conditional order compelling Rusi to produce documents and information related to Ideal Supply's Article 3-A claim for trust fund diversion or otherwise striking Rusi's Answer.  A copy of Ideal Supply's Motion is annexed as **Exhibit "9."**

20.     In April 2022, the Court issued a Decision and Order granting Ideal Supply's motion and ordering Rusi's Answer stricken "unless, within 30 days from service of a copy of this order with notice of entry, defendant David Rusi responds to [Ideal Supply's] Demand for Bill of Particulars, Demand for Discovery and Inspection, and First Set of Interrogatories."  A copy of the Court's April 2022 Decision and Order is annexed as **Exhibit "10."**

21.     Thereafter, Rusi failed to respond in any way to Ideal Supply's discovery demands, and as such, Rusi's Answer was automatically stricken.

22.     Rusi offered no excuse for his default and neither Rusi nor his counsel of record communicated with this office to seek any extension of the Court's deadline.

23.     Ideal Supply filed a second motion in the State Court Action requesting that the Court strike Rusi's Answer for his failure to provide any response to Ideal Supply's discovery demands.  A copy of Ideal Supply's motion is annexed as **Exhibit "11."**

24.     In June 2022, the Court issued a Decision and Order granting Ideal Supply's motion and striking Rusi's Answer.  A copy of the June 2022 Decision and Order is annexed as **Exhibit "12."**

25.     Following the June 2022 Decision and Order, judgment was entered against Rusi

in the amount of $234,073.77.  A copy of the Judgment is annexed as **Exhibit "13."**

***Rusi Continues to Refuse to Provide Trust Accounting Information***

26.     Over the ensuring months, Ideal Supply attempted to collect the Judgment

amount, including serving a post-judgment subpoena duces tecum and ad testificandum on Rusi.

27.     Rusi ignored that subpoena as he had ignored Ideal Supply's discovery demands

in the State Court Action.

28.     On January 18, 2023, Rusi filed his Chapter 7 Voluntary Petition.  (ECF Dkt. No.

1.)

29.     On October 6, 2023, Ideal Supply commenced this adversary proceeding against

Rusi asserting, *inter alia*, claims for trust diversion under Article 3-A of the Lien Law, and

defalcation pursuant to 11 U.S.C. § 523(a)(4) (the "Adversary Proceeding).

30.     On December 11, 2023, Ideal Supply served in connection with this Adversary

Proceeding demands for documents and information related to the trust funds Rusi and

Fahrenheit received in connection with the Projects.  A copy of Ideal Supply's Document

Demand is annexed as **Exhibit 14."**

31.     Ideal Supply's Document Demand specified that Rusi needed to respond with

documents within thirty (30) days of receipt, *i.e.,* on or before January 10, 2024.

32.     On December 14, 2023, Ideal Supply served on Rusi and Fahrenheit five separate

Demands for Verified Statements pursuant to New York Lien Law section 76 for each project on

which Rusi and Fahrenheit owe money to Ideal Supply and which sums owed comprise the

Judgment against Rusi.  These demands were in addition to the one Ideal Supply previously

served during the State Court Action to which Rusi and Fahrenheit never responded.  Copies of the December 2023 Demands for Trust Accounting are annexed as **Exhibit "15."**

33.    Lien Law § 76 requires that a trustee provide a verified statement within 10 days of receiving a demand from a trust beneficiary.  Rusi and Fahrenheit did not timely respond to the December 2023 Demands for Trust Accounting.

34.    On January 5, 2024, after Rusi's failure to respond to the December 2023 Demands for Trust Accounting, this office sent a good faith follow-up letter to him, providing him and Fahrenheit an additional fourteen (14) days to provide the information sought, *i.e.*, on or before January 19, 2024.  A copy of the Good Faith Letter is annexed as **Exhibit "16."**

35.    On or about January 23, 2024, Rusi's counsel, John Macron ("Rusi's Counsel"), contacted my office to request additional time to provide the documents sought.  On January 30, 2024, Rusi provided 487 pages of documents.  Rusi's Counsel acknowledged that "you may have received some of these already."  Rusi's Counsel also indicated that he was "trying to locate any additional information from Fahrenheit for the response to Demand for the Verified Statement." A copy of the January 30, 2024 Email Exchange is annexed as **Exhibit "17."**

36.    On February 1, this office sent a deficiency letter to Rusi's Counsel, noting that not only were many of the documents already in Ideal Supply's possession, but that Rusi "failed to provide *any* of the financial documents from Fahrenheit that would actually establish whether Fahrenheit diverted trust funds."  This office further rejected Rusi's statement more than ten days past the extended deadline to respond to the Demands for Trust Accounting that he was "trying to locate" information.  A copy of the Deficiency Letter is annexed as **Exhibit "18."**

37.    On February 10, 2024, Rusi's Counsel made an additional production.  Rusi's Counsel noted that Rusi "was experienced in business, and in running a construction business,"

but that he encountered "some personal difficulties" which "resulted in Fahrenheit ceasing business operations." A copy of the February 10, 2024 Email is annexed as part of a chain comprising **Exhibit "19."**

38.    On February 13, 2024, after discussions with Rusi's Counsel, Ideal Supply sent a further good faith email agreeing to an additional fourteen day extension of time to February 27, 2024 for Rusi to produce the required documents. A copy of the February 13, 2024 Email is annexed as part of the chain comprising Ex. 19.

39.    On February 29, 2024, Ideal Supply sent a follow-up email to Rusi's Counsel noting that it received no documents from Rusi as promised and that Rusi was leaving Ideal Supply with little choice but to make a motion to compel. A copy of the February 29, 2024 Email is annexed as part of the chain comprising Ex. 19.

40.    On March 4, 2024, Rusi's Counsel emailed to state that he "should be in receipt of some additional documentation (records/books) relating to [Rusi's] financial condition prior to the filing." Rusi never provided further documentation. A copy of the March 4, 2024 Email is annexed as part of the chain comprising Ex. 19.

41.    Thereafter, in a telephone discussion, Rusi's Counsel acknowledged what Ideal Supply suspected all along: that he would not be providing any project documentation. Rusi's Counsel represented that he produced all documents currently in Rusi's possession responsive to Ideal Supply's Document Demands and Demands for Trust Accounting. Given Rusi's Counsel's representation that no documents exist, the parties agreed to move ahead with Rusi's deposition. A copy of the Rusi's Deposition Notice is annexed as **Exhibit "20."**

42.    On May 14, 2024, Ideal Supply deposed Rusi. A copy of the Deposition Transcript is annexed as **Exhibit "21."**

43.     At his deposition, Fahrenheit to pay "personal expenses of its owners," including non-trust purposes like "entertainment," "lunches," "dinners," and other things that were "sales associated."  (Ex. 21, Rusi Tr. 57:5-6; 57:21-25, 58:1-5; 59:5-9.)

44.     Rusi further testified that he knowingly used funds from one project to pay subcontractors on other projects.  (Ex. 21, Rusi Tr. 57:4-6.)

*Pleadings in this Adversary Proceeding*

45.     A copy of the Complaint filed by Ideal Supply in this Adversary Proceeding is annexed hereto as Exhibit 22.

46.     A copy of the Answer filed by Rusi in this Adversary Proceeding is annexed hereto as Exhibit 23.

WHEREFORE, for all the reasons set forth above, and in the accompanying Memorandum of Law, the Court should grant Ideal Supply summary judgment on each of its causes of action, concluding that Fahrenheit diverted funds and that Rusi, as its principal, consented to that diversion, and deem Ideal Supply's claim nondischargeable under section 523(a)(4), and deny discharge under section 727(a)(3), along with such further and other relief as the Court deems appropriate.

Dated: Woodbury, New York
       July 19, 2024

_____
                Erik A. Ortmann