UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                                    Chapter 7

    DAVID RUSI,                                         Case No. 23-40150-jmm

                             Debtor.       Adv. Pro. No. 1-23-01087-jmm
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE IDEAL SUPPLY COMPANY,                                                 **STATEMENT OF**
                                    Plaintiff,  **MATERIAL FACTS**

    v.

DAVID RUSI,

                                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff The Ideal Supply Company ("Ideal Supply") hereby sets forth this Statement of Material Facts in support of its motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, Federal Rule of Civil Procedure 56, and the individual Practice Rules of the Honorable Jil Mazer-Marino:

      1.     Plaintiff Ideal Supply was and is business corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business in the county of Bergen, New Jersey.  (Complaint ¶ 9.)

      2.     Defendant David Rusi ("Rusi") is a resident of the State of New York and the founder and owner of non-party Fahrenheit Mechanical LLC ("Fahrenheit")  (Complaint ¶ 11; Answer ¶ 11; Rusi Dep. Tr. 9:21-24, 10-22-24.)

*Rusi's History of Defiance*

      3.     Ideal Supply commenced an action against Rusi and Fahrenheit on March 5, 2021

by filing a Summons and Complaint, which Complaint it later amended as of right (the "State Court Action"). (Ortmann Affirmation ¶ 4.)

4. Ideal Supply sought payment due on five construction projects for which it furnished certain plumbing supplies and materials and other equipment necessary for work performed by Fahrenheit. (Ortmann Affirmation ¶ 5.)

5. The five construction projects for which Ideal Supply sought payment are as follows:

> i. 230 Vesey Street, New York, New York;
> ii. 1 Manhattan West, New York, New York;
> iii. Pier 57 located at 25 11th Avenue, New York, New York;
> iv. 201 Varick Street, New York, New York; and
> v. LaGuardia Airport located in Flushing, New York.

(the "Projects"). (Ortmann Affirmation ¶5.)

6. Fahrenheit and Rusi were represented in the State Court Action. Counsel to Fahrenheit and Rusi reached out to Ideal Supply's counsel's office to request additional answering time through June 4, 2021, which Ideal Supply agreed to provide. (Ortmann Affirmation ¶ 6.)

7. As a part of those discussions, Rusi's counsel requested a copy of the Demand for a Verified Statement that Ideal Supply had served pursuant to New York Lien Law section 76 ("Demand for Trust Accounting"), as well as copies of Ideal Supply's outstanding invoices. (Ortmann Affirmation ¶ 7.)

8. On May 18, 2021 and June 1, 2021, Ideal Supply's counsel provided to Rusi's counsel a copy of Ideal Supply's Demand for Trust Accounting as well as copies of all outstanding invoices (the "Voluntary Production"). (Ortmann Affirmation ¶ 8.)

9. In reply, Rusi's counsel confirmed receipt of the Voluntary Production by email on June 1, 2021. (Ortmann Affirmation ¶ 9.)

10. On June 4, 2021, Rusi and Fahrenheit filed their Answer to the Amended Complaint in the State Court Action. (Ortmann Affirmation ¶ 10.)

11. Although Fahrenheit and Rusi answered the Amended Complaint and appeared in the State Court Action via counsel, no Verified Statement or Trust Accounting was ever provided to Ideal Supply. (Ortmann Affirmation ¶ 11.)

12. On July 6, 2021, Ideal Supply filed and served in the State Court Action a Demand for Bill of Particulars as to Affirmative Defenses raised by Defendants Fahrenheit Mechanical LLC and David Rusi. (Ortmann Affirmation ¶ 12.)

13. No response was received; as such, this office sent a good faith email to Rusi's counsel on September 27, 2021. (Ortmann Affirmation ¶ 13.)

14. No response was received and a further good faith email was sent on October 25, 2021. (Ortmann Affirmation ¶ 14.)

15. On October 29, 2021, Ideal Supply served Rusi with a Demand for Documents and Inspection and Interrogatories. (Ortmann Affirmation ¶ 15.)

16. No response was received; as such Ideal Supply's counsel sent a good faith email to Rusi's counsel on November 22, 2021 which provided a 10 day courtesy extension for the responses. (Ortmann Affirmation ¶ 16.)

17. Ideal Supply never received any responses to the various outstanding discovery from Rusi, despite good faith efforts and courtesy extensions provided. (Ortmann Affirmation ¶ 17.)

18.     Rusi intentionally failed and refused to provide basic information required in connection with Ideal Supply's claim for Lien Law Art. 3-A trust fund diversion.  (Ortmann Affirmation ¶ 18.)

19.      Following Rusi's refusal to provide trust fund information, Ideal Supply filed in the State Court Action a motion seeking, inter alia, a conditional order compelling Rusi to produce documents and information related to Ideal Supply's Article 3-A claim for trust fund diversion or otherwise striking Rusi's Answer.  (Ortmann Affirmation ¶ 19.)

20.     In April 2022, the Court issued a Decision and Order granting Ideal Supply's motion and ordering Rusi's Answer stricken "unless, within 30 days from service of a copy of this order with notice of entry, defendant David Rusi responds to [Ideal Supply's] Demand for Bill of Particulars, Demand for Discovery and Inspection, and First Set of Interrogatories."  (Ortmann Affirmation ¶ 20.)

21.     Thereafter, Rusi failed to respond in any way to Ideal Supply's discovery demands.  (Ortmann Affirmation ¶ 21.)

22.     Rusi offered no excuse for his default and neither Rusi nor his counsel of record communicated with this office to seek any extension of the Court's deadline.  (Ortmann Affirmation ¶ 22.)

23.     Ideal Supply filed a second motion in the State Court Action requesting that the Court strike Rusi's Answer for his failure to provide any response to Ideal Supply's discovery demands.  (Ortmann Affirmation ¶ 23.)

24.     In June 2022, the Court issued a Decision and Order granting Ideal Supply's motion and striking Rusi's Answer.  (Ortmann Affirmation ¶ 24.)

25. Following the June 2022 Decision and Order, judgment was entered against Rusi in the amount of $234,073.77. (Ortmann Affirmation ¶ 25.)

*Rusi Continues to Refuse to Provide Trust Accounting Information*

26. Over the ensuring months, Ideal Supply attempted to collect the Judgment amount, including serving a post-judgment subpoena duces tecum and ad testificandum on Rusi. (Ortmann Affirmation ¶ 26.)

27. Rusi ignored that subpoena as he had ignored Ideal Supply's discovery demands in the State Court Action. (Ortmann Affirmation ¶ 27.)

28. On January 18, 2023, Rusi filed his Chapter 7 Voluntary Petition. (Ortmann Affirmation ¶ 28.)

29. On October 6, 2023, Ideal Supply commenced this adversary proceeding against Rusi asserting, inter alia, claims for trust diversion under Article 3-A of the Lien Law, and defalcation pursuant to 11 U.S.C. § 523(a)(4) (the "Adversary Proceeding). (Ortmann Affirmation ¶¶ 29, 45.)

30. Rusi filed his Answer in this Adversary Proceeding on November 22, 2023. (Ortmann Affirmation ¶ 46.)

31. On December 11, 2023, Ideal Supply served in connection with this Adversary Proceeding demands for documents and information related to the trust funds Rusi and Fahrenheit received in connection with the Projects. (Ortmann Affirmation ¶ 30.)

32. Ideal Supply's Document Demand specified that Rusi needed to respond with documents within thirty (30) days of receipt, i.e., on or before January 10, 2024. (Ortmann Affirmation ¶ 31.)

33. On December 14, 2023, Ideal Supply served on Rusi and Fahrenheit five separate Demands for Verified Statements pursuant to New York Lien Law section 76 for each project on which Rusi and Fahrenheit owe money to Ideal Supply and which sums owed comprise the Judgment against Rusi. These demands were in addition to the one Ideal Supply previously served during the State Court Action to which Rusi and Fahrenheit never responded. (Ortmann Affirmation ¶ 32.)

34. Lien Law § 76 requires that a trustee provide a verified statement within 10 days of receiving a demand from a trust beneficiary. (Ortmann Affirmation ¶ 33.)

35. Rusi and Fahrenheit did not timely respond to the December 2023 Demands for Trust Accounting. (Ortmann Affirmation ¶ 33.)

36. On January 5, 2024, after Rusi's failure to respond to the December 2023 Demands for Trust Accounting, this office sent a good faith follow-up letter to him, providing him and Fahrenheit an additional fourteen (14) days to provide the information sought, i.e., on or before January 19, 2024. (Ortmann Affirmation ¶ 34.)

37. On or about January 23, 2024, Rusi's counsel, John Macron ("Rusi's Counsel"), contacted Ideal Supply's counsel to request additional time to provide the documents sought. (Ortmann Affirmation ¶ 35.)

38. On January 30, 2024, Rusi provided 487 pages of documents. Rusi's Counsel acknowledged that "you may have received some of these already." Rusi's Counsel also indicated that he was "trying to locate any additional information from Fahrenheit for the response to Demand for the Verified Statement." (Ortmann Affirmation ¶ 35.)

39. On February 1, this office sent a deficiency letter to Rusi's Counsel, noting that not only were many of the documents already in Ideal Supply's possession, but that Rusi "failed

to provide any of the financial documents from Fahrenheit that would actually establish whether Fahrenheit diverted trust funds." (Ortmann Affirmation ¶ 36.)

40. This office further rejected Rusi's statement more than ten days past the extended deadline to respond to the Demands for Trust Accounting that he was "trying to locate" information. (Ortmann Affirmation ¶ 36.)

41. On February 10, 2024, Rusi's Counsel made an additional production. (Ortmann Affirmation ¶ 37.)

42. Rusi's Counsel noted that Rusi "was experienced in business, and in running a construction business," but that he encountered "some personal difficulties" which "resulted in Fahrenheit ceasing business operations." (Ortmann Affirmation ¶ 37.)

43. On February 13, 2024, after discussions with Rusi's Counsel, Ideal Supply sent a further good faith email agreeing to an additional fourteen day extension of time to February 27, 2024 for Rusi to produce the required documents. (Ortmann Affirmation ¶ 38.)

44. On February 29, 2024, Ideal Supply sent a follow-up email to Rusi's Counsel noting that it received no documents from Rusi as promised and that Rusi was leaving Ideal Supply with little choice but to make a motion to compel. (Ortmann Affirmation ¶ 39.)

45. On March 4, 2024, Rusi's Counsel emailed to state that he "should be in receipt of some additional documentation (records/books) relating to [Rusi's] financial condition prior to the filing." Rusi never provided further documentation. (Ortmann Affirmation ¶ 40.)

46. Thereafter, in a telephone discussion, Rusi's Counsel acknowledged what Ideal Supply suspected all along: that he would not be providing any project documentation. (Ortmann Affirmation ¶ 41.)

47. Rusi's Counsel represented that he produced all documents currently in Rusi's possession responsive to Ideal Supply's Document Demands and Demands for Trust Accounting. (Ortmann Affirmation ¶ 41.)

48. Given Rusi's Counsel's representation that no documents exist, the parties agreed to move ahead with Rusi's deposition. (Ortmann Affirmation ¶ 41.)

49. On May 14, 2024, Ideal Supply deposed Rusi. (Ortmann Affirmation ¶ 42.)

50. At his deposition, Fahrenheit to pay "personal expenses of its owners," including non-trust purposes like "entertainment," "lunches," "dinners," and other things that were "sales associated." (Ortmann Affirmation ¶ 43.)

51. Rusi further testified that he knowingly used funds from one project to pay subcontractors on other projects. (Ortmann Affirmation ¶ 44.)

Dated: Woodbury, New York
       July 19, 2024

        KAUFMAN DOLOWICH LLP
        *Attorneys for Plaintiff The Ideal Supply Company*

By: _____
        Erik A. Ortmann
        Adam A. Perlin
        135 Crossways Park Drive, Ste. 201
        Woodbury, NY 11797
        (516) 681-1100