# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------x

THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

                   Plaintiff,

   -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI, CONTINENTAL CASUALTY COMPANY, "JANE DOE #1" THROUGH "JANE DOE #10", AND FAHRENHEIT MECHANICAL INC.,

                  Defendants.

-----------------------------------------x

Index No.: 152298/2021
Date Purchased: 3/5/21

**SUPPLEMENTAL**
**SUMMONS**

Plaintiff designates New York County as the place for trial.

The basis for venue is Defendant's residence.

To the above-named Defendant(s):

      YOU ARE HEREBY SUMMONED to answer the Amended Verified Complaint in this action and to serve a copy of your answer, or, if same is not served with this Supplemental Summons, to serve a notice of appearance upon the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Amended Verified Complaint.

Dated: Woodbury, New York
      April 13, 2021

                          KAUFMAN DOLOWICH & VOLUCK, LLP
                          *Attorneys for Plaintiff The Ideal Supply Company*

                          By: _____
                             Erik A. Ortmann, Esq.
                             Elizabeth V. Marchionni, Esq.
                             135 Crossways Park Drive, Suite 201
                             Woodbury, New York 11797
                             (516) 681-1100

DEFENDANTS' ADDRESS:

FAHRENHEIT MECHANICAL LLC
120 Broadway, 36th Floor
New York, New York 10271

DAVID RUSI
c/o FAHRENHEIT MECHANICAL INC.
120 Broadway, 36th Floor
New York, New York 10271

CONTINENTAL CASUALTY COMPANY
C/O NYS DEPARTMENT OF FINANIAL SERVICES
333 S. Wabash Ave,
Chicago, IL 60604

FAHRENHEIT MECHANICAL INC.
120 Broadway, 36th Floor
New York, New York 10271

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly      Index No.: 152298/2021
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical., under            **AMENDED**
Article 3-A of the New York State Lien Law,                   **VERIFIED COMPLAINT**

                            Plaintiff,
    -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
"JANE DOE #1" THROUGH "JANE DOE #10",
AND FAHRENHEIT MECHANICAL INC.,

                           Defendants.
------------------------------------------------------------x

       Plaintiff The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), by and through its attorneys, Kaufman Dolowich & Voluck, LLP, as and for its Amended Verified Complaint against defendants, Fahrenheit Mechanical LLC, Fahrenheit Mechanical Inc. ("Fahrenheit"), David Rusi, Continental Casualty Company, and Jane Doe #1 through Jane Doe #10 (collectively "Defendants"), alleges as follows:

       1.      At all relevant times, Ideal Supply was and/or is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware and authorized to conduct business in the State of New York.

       2.      That upon information and belief, at all times hereinafter mentioned, Defendant Fahrenheit Mechanical LLC was/is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York with a principal office located at 120 Broadway, 36th Floor, New York, New York.

1

3. That upon information and belief, at all times hereinafter mentioned, Defendant Fahrenheit Inc. ("Fahrenheit") was/is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York with a principal office located at 120 Broadway, 36th Floor, New York, New York.

4. Upon information and belief, defendant David Rusi is and was at all times hereinafter mentioned, principal, officer and/or owner of Defendant Fahrenheit.

5. Upon information and belief Continental Casualty Company is an insurance company authorized to do business in the State of New York, with a principal place of business located at 151 North Franklin Street, Chicago, Illinois.

6. Upon information and belief, defendants "Jane Doe "#1" through Jane Doe "#10" are fictitious names of individuals, their true names being unknown to Plaintiff, but are persons intended to be either members, managers, or member managers of Fahrenheit or are persons who received funds for the improvement of real property further described herein in trust for the Plaintiff under the provisions of New York Lien Law Article 3-A, and have either converted said trust funds or diverted same and/or applied or consented to the application of said trust funds for purposes other than allowed trust purposes as specified in Section 71 of the Lien Law.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Breach of Contract – Vesey Street Project)

7. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "6" as if fully set forth herein.

8. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 230 Vesey Street, New York, New York 10000 ("Vesey Street Project").

9. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for

2

Vesey Street Project in the agreed upon price of $3,694.28.

10. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $3,694.28.

11. As of August 9, 2020, a balance of $3,694.28 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Vesey Street Project.

12. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $3,694.28, plus contractual interest thereon at the rate of 1.5 Percent per month.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Breach of Contract – Manhattan West Project)

13. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "12" as if fully set forth herein.

14. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at 1 Manhattan West, New York, New York (the "Manhattan West Project").

15. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Manhattan West Project in the agreed upon price of $144,635.83.

16. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $144,635.83 for materials furnished for the Manhattan West Project.

17. As of December 9, 2020, a balance of $144,635.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Manhattan West Project.

18. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $144,635.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract – Hammel Houses Project)

19. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "18" as if fully set forth herein.

20. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials for a public improvement known as Hammel Houses owned by New York City Housing Authority and located in Queens, New York (the "Hammel Houses Project").

21. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Hammel Houses Project in the agreed upon price of $17,711.83.

22. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $17,711.83.

23. As of December 10, 2020, a balance of $17,711.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Hammel Houses Project.

24. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due and Plaintiff is entitled to a judgment in the amount of $17,711.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Payment Bond Claim Against Continental Casualty Company– Hammel Houses)

25. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "24" as if fully set forth herein.

26. Continental Casualty Company, as surety, issued a Labor and Material Payment Bond No. 30038701 (the "Bond"), in the principal sum of $139,222,000 for the befit of the Hammel Houses Project, pursuant to State Finance Law Section 137. A copy of the Bond is annexed hereto as **Exhibit "1"**.

27. Pursuant to the Bond, Continental Casualty Company bound itself to promptly pay all persons having claims for materials supplied to the Project, among others.

28. The materials supplied by Plaintiff to Fahrenheit Mechanical under the Hammel Houses Project purchase orders were provided for, and reasonably required for use in the performance of, the Project.

29. Plaintiff has not been paid in full for said material in the sum of $17,711.83.

30. Within the applicable period, Plaintiff duly provided notice under the Bond of its claim for sums due for materials supplied to the Hammel Houses Project.

31. Plaintiff has complied with all requirements of the Bond.

32. Continental Casualty Company is liable under the Bond for all sums due and owing Plaintiff for its material supplied to the Hammel Houses Project.

33. Continental Casualty Company has failed to make payment to Plaintiff for the value of the material supplied to the Hammel Houses Project for which it remains unpaid.

34. By reason of the foregoing, Plaintiff is entitled to a judgment against Continental Casualty Company and the Bond in the amount of $17,711.83, plus interest and reasonable attorney's fees pursuant to State Finance Law Section 137.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Breach of Contract – Pier 57 Project)

35. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "34" as if fully set forth herein.

36. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at Pier 57, New York, New York (the "Pier 57 Project").

37. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Pier 57 Project in the agreed upon price of $45,831.85.

38. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $45,831.85.

39. As of September 30, 2020, a balance of $45,831.85 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Pier 57 Project.

40. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $45,831.85, plus contractual interest thereon at the rate of 1.5 percent per month.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Breach of Contract – Varick Street Project)

41. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "40" as if fully set forth herein.

42. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 201 Varick Street, New York, New York (the "Varick Street Project").

43. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Varick Street Project in the agreed upon price of $18.90. Despite Plaintiff's performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $18.90.

6

44. As of July 16, 2020, a balance of $18.90 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished for the Varick Street project.

45. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $18.90, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Breach of Contract – La Guardia Airport Project)

46. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "45" as if fully set forth herein.

47. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the public improvement known as La Guardia Airport located in East Elmhurst, New York (the "La Guardia Airport Project").

48. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the La Guardia Airport Project in the agreed upon price of $47.87.

49. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $47.87.

50. As of May 21, 2020, a balance of $42.87 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the La Guardia Airport Project.

51. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $47.87, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Account Stated against Defendant Fahrenheit)

52. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "51" as if fully set forth herein.

53. Plaintiff supplied Defendant Fahrenheit with certain plumbing supplies and materials at Defendant's request.

54. Plaintiff sent and Defendant Fahrenheit received various invoices for the plumbing supplies and materials furnished by Plaintiff.

55. On or about January 21, 2021, Plaintiff sent, and Defendant Fahrenheit received an account statement of all outstanding invoices past due and owing to Plaintiff by Defendant Fahrenheit.

56. Defendant Fahrenheit retained and accepted and did not object to any invoice or account statement provided by Plaintiff.

57. Upon information and belief, Defendant Fahrenheit has failed to remit payment to Plaintiff under the past due invoices or accounting statement. The amount outstanding and due from Defendant Fahrenheit amount to the sum of $211,935.56, plus contractual interest thereon at a rate of 1.5 Percent per month.

### AS AND FOR A NINTH CAUSE OF ACTION
(Unjust Enrichment/*Quantum Meruit*)

58. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "57" as if set forth herein.

59. Plaintiff furnished Defendant Fahrenheit with certain plumbing supplies and materials at Defendant Fahrenheit's request.

60. Plaintiff's plumbing supplies provided to Defendant Fahrenheit did enhance the value of the Projects to the benefit of the Defendant Fahrenheit and others.

61. The fair and reasonable value of the amount still outstanding and due from Defendant Fahrenheit for the Projects in excess of $211,935.56.

62. Defendant Fahrenheit has been unjustly enriched by Plaintiff having supplied and furnished various plumbing supplies and materials without due compensation.

63. Despite due demand therefor, Defendant Fahrenheit has failed to pay Plaintiff in the sum of $211,935.56 and Plaintiff is entitled to a judgment in the amount of $211,935.56, plus statutory interest thereon or in the alternative, *quantum meruit* against Defendant Fahrenheit for the materials supplied by Plaintiff for its various Projects.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Lien Law Art. 3-A Trust Diversion)

64. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "63" as if set forth herein.

65. The funds received by Fahrenheit Mechanical from the various owners/construction managers or otherwise constituted trust funds within the meaning of Article 3-A of the Lien Law were and are required to be held and applied for the payment of the costs and expenditures for the improvement of the foregoing Project prior to being used for any other purpose.

66. Upon information and belief, Fahrenheit and/or David Rusi, as its principal responsible for the administration of Project funds (hereinafter together referred to as the "Trustees"), have converted or been the recipients of converted trust funds, or diverted same, and/or applied or consented to the application of trust funds for purposes other than those allowed by Article 3-A of the Lien Law.

9

67. On or about February 2, 2021, Plaintiff served a demand on Fahrenheit and David Rusi, pursuant to Section 76 of the Lien Law seeking an accounting of the trust funds.

68. To date, no response or accounting has been provided by Trustees to Plaintiff.

69. Upon information and belief, the Trustees have failed to maintain trust accounting books and records as required by law and, as such, a presumption that said Trustees has misapplied or diverted, and/or consented to the misapplication and/or diversion of trust funds arises.

70. Upon information and belief, Trustees have transferred said trust funds or permitted the transfer of said funds to their own accounts and to other transferees, Jane Does #1 through #10, the names of which are unknown at this time.

71. Upon information and belief, said transferees were not furnishers of labor, materials or supplies for the improvement of the subject real property and were not trust beneficiaries of the funds received by Trustees from the owner/construction manager, or other beneficiaries under Article 3-A of the Lien Law.

72. In addition to Plaintiff, there may be other contractors, materialmen and suppliers who furnished labor and materials for the improvement of the Projects such as named lienor defendants, the existence, nature, extent and correctness of whose claims are not presently known.

73. Upon information and belief, the Trustees' diversion was committed with the intent to deprive Plaintiff and other potential beneficiaries of trust funds.

74. This cause of action is brought as a class action under Article 3-A of the Lien Law.

75. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff The Ideal Supply Company, hereby demands judgment:

(a) On the First Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $3,694.28 plus contractual interest at the rate of 1.5 Percent from August 9, 2020 thereon;

(b) On the Second Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $144,635.83 plus contractual interest at the rate of 1.5 Percent from December 9, 2020 thereon;

(c) On the Third Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $17,711.83 plus contractual interest at the rate of 1.5 Percent from December 10, 2020 thereon;

(d) On the Fourth Cause of Action, judgment against Defendant Continental Casualty Insurance Company and the Bond in in favor of Plaintiff, in an amount of $17,711.83 plus interest and reasonable attorney's fees;

(e) On the Fifth Cause of Action judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $45,831.85 plus contractual interest at the rate of 1.5 Percent from September 30, 2020 thereon;

(f) On the Sixth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $18.90 plus contractual interest at the rate of 1.5 Percent from July 16, 2020 thereon;

(g) On the Seventh Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $42.87 plus contractual interest at the rate of 1.5 Percent from May 21, 2020 thereon;

11

(h) On the Eighth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $211,935.56, together with statutory interest thereon, from January 21, 2021 and the costs and disbursement of this action.

(i) On the Ninth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in the amount of $211,935.56, together with statutory interest thereon and the costs and disbursement of this action; and

(j) On the Tenth Cause of Action against Defendant Fahrenheit Mechanical Inc., David Rusi and/or Jane Does #1 through #10 as follows:

    i. declaring that Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 are trustees of the payments received on the Project, and that Plaintiff and all others who may join in this action, be adjudged to have a claim thereon for the amount of their respective claims with prejudgment interest;

    ii. compelling Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose all transactions with reference to the improvement hereinbefore described, including a statement of all monies held or paid on account thereof, and to whom paid and the dates of such payments;

    iii. compelling Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose, account for and pay over all sums of money held or received by each on account of said improvement, and account for the disposition of any such sums of money disposed of, and also the place or places, property and assets of every kind and nature into which the said sums or any part thereof have been placed;

12

iv. adjudging and determining that Plaintiff have a money judgment against all aforesaid Defendants on behalf of itself and all other labor and material suppliers similarly situated, and declaring that a trust has been created against the Defendants herein for the sum of $211,935.56 on behalf of Plaintiff and in an additional amount to be determined at trial for the amount determined to be due from the Defendants to all other labor and material suppliers similarly situated who join in this action by reason of the diversion and breach of the provisions of Article 3-A of the Lien Law, with prejudgment interest;

v. that this Court take such proceedings as may be necessary to bring before it and under its control all such trust funds and all property of every type and nature into which the same may have been diverted, and distribute the same among all parties and person entitled thereto;

vi. for its reasonable attorneys' fees and the costs and disbursements of this action;

vii. for punitive damages in the sum of $1,000,000;

viii. awarding Plaintiff the costs of this action, including reasonable attorneys' fees and expenses, expert's fees and other disbursements; and

(k) Plus interest, costs and disbursements in connection with this action, and such other and further relief as this Court may deem just and proper.

[Signature Page To Follow]

Dated: Woodbury, New York  
April 13, 2021

KAUFMAN DOLOWICH & VOLUCK, LLP  
*Attorneys for Plaintiff The Ideal Supply Company*

By: _____  
Erik A. Ortmann, Esq.  
Elizabeth V. Marchionni, Esq.  
135 Crossways Park Drive, Suite 201  
Woodbury, New York 11797  
(516) 681-1100

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NASSAU     )

ERIK A. ORTMANN, being duly sworn, deposes and says:

I am a partner with the law firm Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff The Ideal Supply Company. I have read the foregoing Amended Complaint and know the contents therein to be true and the same is true to deponent's own knowledge and according to the books and papers of the Plaintiff, except as to matters thereon stated to be alleged upon information and belief, and as to this matters deponent believes them to be true.

This verification is made by deponent and not by the Plaintiff, because the Plaintiff does not reside nor maintain its office in the county where the deponent maintains his office. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are based upon a review of the facts, pleadings, and proceedings in this matter, as well as conversations with the Plaintiff and its employees.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

_____
ERIK A. ORTMANN

Sworn to before me this
13th day of April, 2021

_____
Notary Public

Solomon Abramov
Notary Public, State of New York
No. 02AB6358691
Qualified in Queens County
Commission Expires May 15, 2021