# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants, and creditors similarly situated to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

Index No.: 152298/2021

**DEMAND FOR A BILL OF PARTICULARS AS TO AFFIRMATIVE DEFENSES**

Plaintiff,

-against-

FAHRENHEIT MECHANICAL LLC, *et. al.*,

Defendants.
---------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that pursuant to CPLR §§ 3041 et. seq., within thirty (30) days from the date of service hereof, Defendants Fahrenheit Mechanical LLC and David Rusi ("Defendants"), are required to serve upon the undersigned a Verified Bill of Particulars as to their Affirmative Defenses set forth in their Verified Answer setting forth:

1. Set forth the manner, way, and specific deficiency by which the Complaint fails to state any claim, as alleged in the First Affirmative Defense of the Verified Answer.

2. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff failed to obtain personal jurisdiction over Defendants and failed to properly serve Defendants, as alleged in the Second Affirmative Defense of the Verified Answer.

3. Set forth the specific limitations, factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the "applicable statutes of limitations and/or administrative filing periods", as alleged in the Third Affirmative Defense of the Verified Answer.

4. Itemize and set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by release, payment and/or waiver, as alleged in the Fourth Affirmative Defense of the Verified Answer.

5. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, as alleged in the Fifth Affirmative Defense of the Verified Answer.

6. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, as alleged in the Fifth Affirmative Defense of the Verified Answer.

7. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of laches, as alleged in the Fifth Affirmative Defense of the Verified Answer.

8. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of setoff, as alleged in the Fifth Affirmative Defense of the Verified Answer.

9. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part "because Plaintiff knowingly submitted to and acquiesced in the actions alleged", as alleged in the Sixth Affirmative Defense of the Verified Answer.

10. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of waiver, as alleged in the Seventh Affirmative Defense of the Verified Answer.

11. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of discharge, as alleged in the Seventh Affirmative Defense of the Verified Answer.

12. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part by the doctrine of abandonment, as alleged in the Seventh Affirmative Defense of the Verified Answer.

13. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's claims are barred in whole or in part "because Defendants have fully discharged their obligations, if any, to Plaintiff, and Defendants performed all material obligations under any applicable contract that may be in question," as alleged in the Eighth Affirmative Defense of the Verified Answer.

14. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff failed to mitigate its damages, as alleged in the Ninth Affirmative Defense of the Verified Answer.

15. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which Defendant(s) did not breach any duty to Plaintiff, as alleged in the Tenth Affirmative Defense of the Verified Answer.

16. Identify the specific contract and set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff breached said contract, as alleged in the Eleventh Affirmative Defense of the Verified Answer.

17. Identify the specific term or condition precedent and set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff failed to meet it, as alleged in the Twelfth Affirmative Defense of the Verified Answer.

18. Identify the specific amounts of setoff and to which causes of action Defendant alleges it is entitled, as alleged by Defendant in the Thirteenth Affirmative Defense of the Verified Answer.

19. Identify the specific party, and set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff "failed to name and serve a necessary party", as alleged in the Fourteenth Affirmative Defense of the Verified Answer.

20. Identify the specific contract and set forth the factual basis, circumstances, manner, way, and/or fashion, in which each said contract is fraudulent and void, as alleged in the Fifteenth Affirmative Defense of the Verified Answer.

21. Set forth factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff's recovery in this action "would result in double recovery by Plaintiff for the same injuries", as alleged in the Sixteenth Affirmative Defense of the Verified Answer.

22. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which an accord and satisfaction was reached, as alleged in the Seventeenth Affirmative Defense of the Verified Answer.

23. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which "Plaintiff has suffered no damages and is not entitled to the amounts claimed due in the Complaint, or alternatively, the alleged damages are de minimis, so no damages are due and owing", as alleged in the Eighteenth Affirmative Defense of the Verified Answer.

24. Set forth the factual basis, circumstances, manner, way, and/or fashion, in which "the alleged damages sustained by Plaintiff were not as the result of any culpable or negligent conduct of the Defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of the

Plaintiff and/or others which contributed to the culpable conduct that caused damage", as alleged in the Nineteenth Affirmative Defense of the Verified Answer.

25. Identify the specific contract and set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff did not fully perform the terms or conditions of each said contract, as alleged in the Twentieth Affirmative Defense of the Verified Answer.

26. Identify the specific contract and set forth the factual basis, circumstances, manner, way, and/or fashion, in which Plaintiff did not comply with notice requirements of each said contract, as alleged in the Twenty-First Affirmative Defense of the Verified Answer.

PLEASE TAKE FURTHER NOTICE, that in the event Defendants fail to comply with the foregoing demand within thirty (30) days, Plaintiff will move to preclude the offering of any evidence as to the matters herein demanded, or other relief permitted by Article 31 of the CPLR.

Dated: Woodbury, New York
July 6, 2021

                KAUFMAN DOLOWICH & VOLUCK LLP
                *Attorneys for Plaintiff*

By :_____
    Erik A. Ortmann, Esq.
    Elizabeth V. Marchionni, Esq.
    135 Crossways Park Drive, Suite 201
    Woodbury, New York 11797
    (516) 681-1100

To: (***VIA NYSCEF***)
Christopher R. Travis, Esq.
*Attorney for Defendants*
*Fahrenheit Mechanical LLC and David Rusi*
80 Maiden Lane, Suite 304
New York, New York 10038
Tel: (212) 248-2120