# EXHIBIT 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------X
THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants, and creditors similarly situated to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

Index No.: 152298/2021

                              Plaintiff,

**PLAINTIFF'S FIRST DEMAND FOR DISCOVERY & INSPECTION TO DEFENDANT RUSI**

      -against-

FAHRENHEIT MECHANICAL LLC, *et. al.*,

                              Defendants.
----------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that pursuant to Article 31 of the New York Civil Practice Law and Rules, Plaintiff Ideal Supply Company ("Ideal Supply" or "Plaintiff') hereby requests that Defendant David Rusi ("Rusi " or "Defendant") produce and permit defendant to inspect and copy all documents described below at the office of the undersigned counsel for Plaintiff at 135 Crossways Park Drive, Suite 201, Woodbury, New York, within twenty (20) days hereof.

<u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "Ideal Supply" or "Plaintiff' shall mean the plaintiff Ideal Supply Company and/or any of its present or former officers, directors, employees, partners, agents, representatives, consultants, experts, attorneys, joint venturers, corporate parents, subsidiaries or affiliates.

2.      " Rusi " or "Defendant" shall mean the defendant David Rusi.

3.      "Fahrenheit" means Fahrenheit Mechanical Inc. and/or Fahrenheit Mechanical LLC and/or any of its present or former officers, directors, employees, partners, agents, representatives, consultants, experts, attorneys, joint venturers, corporate parents, subsidiaries or affiliates, other than Rusi.

4.      "Project(s)" shall mean the private and/or public improvement projects referred to and defined in Plaintiff's Complaint, including those located or known as:

> 230 Vesey Street, New York, New York 100000 ("Vesey Street Project");
>
> 47 Hall Street, Brooklyn, New York 11201 (the "Hall Street Project");
>
> 1 Manhattan West, New York, New York ("Manhattan West Project");
>
> Pier 57 located at 25 11th Avenue, New York, New York ("Pier 57 Project");
>
> 201 Varick Street, New York, New York ("Varick Street Project");
>
> LaGuardia Airport located in Flushing New York ("LaGuardia Project")(collectively the "Projects").

5.      "Complaint" shall refer to Plaintiff's Amended Complaint in the above-captioned action, including any initial and all amended pleadings.

6.      "Answer" shall refer to Rusi's Answer in the above-captioned action, including any initial and all amended pleadings.

7.      "Document" is used herein in the broadest sense of the term and means any writing of any kind, including but not limited to: letters, notes, facsimiles, emails, interoffice and intra-office memoranda, minutes or records of meetings, lists, studies, reports, contracts, statistics, calendar or diary entries, pamphlets, bulletins, telegrams, photographs, video or audio recordings, microfilm, microfiche, films, charts, graphs, drawings, plans, tabulations, invoices, financial and payment records, checks, books, receipts, tax returns, worksheets, electronically stored information on computers, digital, optical or magnetic storage media and back-up devices, tapes or other recordings, voicemails and any other tangible thing by which information is transmitted or stored. Designated documents include all non-identical copies of such documents, including all drafts, alterations, modifications, changes and amendments thereto, copies containing handwritten

notes or other marginalia, and all attachments, enclosures or other documents that are attached to, relate to or refer to such designated documents.

8. "Communications" means any contact, oral, written or otherwise, direct or indirect, between two or more persons, including conversations, meetings, interviews, telephone calls, computer email messages, letters or transmittals of documents, and includes a review by any person of documents under the custody, control or supervision of another person.

9. "Person" is used herein in the broadest sense of the term and means any individual as well as any entity, including any private company or any government agency.

10. "Relating to" a given subject matter as used herein means a document or communication that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

11. "And" as well as "or" shall be construed conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

12. Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

13. Each demand herein is continuing and requires prompt supplementary responses if further responsive documents are subsequently obtained or discovered by Defendant or otherwise come into its possession, custody or control.

14. If Defendant claims that any responsive document is privileged or for any other reason not discoverable, the response hereto shall state: (1) the type of document *(e.g.,*

3

memorandum, report, chart, etc.); (2) the date of the document; (3) the title of the document; (4) a description of the subject matter of the document; (5) the name(s) and address(es) of the person(s) who prepared the document, the person(s) to whom it was directed or circulated and the person(s) now in possession of the document; and (6) the nature of and factual and legal basis for the privilege claimed or other ground for non-production.

15. If Defendant asserts that any document request is confusing, Defendant shall explain the source of its confusion, set forth its understanding of the request, and respond in accordance with its understanding.

16. If any document called for by this document request is not within Defendant's possession, custody or control, it shall so state in writing and state the name and address of any person or entity known by Defendant to possess such document.

17. Unless otherwise indicated, Defendant is to produce all documents responsive to any request that were created between January 1, 2019, and present.

<u>DOCUMENTS TO BE PRODUCED</u>

1. Provide documents concerning the trust account(s) maintained by Fahrenheit in connection with the Projects from 2019 to the present.

2. Provide a copy of Fahrenheit's bank signature card or other documentation correspondence whereby Rusi is an authorized signatory(ies) on any bank account used by Fahrenheit to deposit trust funds received by Fahrenheit on any of the Projects.

3. Provide copies of statements for any bank accounts used by Fahrenheit in 2019 to the present to deposit any trust funds received on the Projects.

4. Provide copies of all cancelled checks signed by Rusi on any bank account used by Fahrenheit to deposit trust funds received by Fahrenheit on any of the Projects from 2019 to the present.

5. Provide copies of all compensation and/or payments issued by Fahrenheit to Rusi in whatever form from 2019 to the present.

6. Provide copies of any K-1 issued to Rusi by Fahrenheit for years 2019 and 2020.

7. Provide copies of Rusi's 2019 and 2020 income tax returns.

8. Provide copies of documents Defendant intends to rely upon in support of any of his Affirmative Defenses set forth in his Answer, including without limitation: the Eleventh, Thirteenth and Sixteenth Affirmative Defenses.

PLEASE TAKE FURTHER NOTICE, that in the event Defendants fail to comply with the foregoing demand within thirty (30) days, Plaintiff will move to preclude the offering of any evidence as to the matters herein demanded, or other relief permitted by Article 31 of the CPLR.

Dated: Woodbury, New York
October 29, 2021

          KAUFMAN DOLOWICH & VOLUCK, LLP
          *Attorneys for Plaintiff Ideal Supply Company*

By: _____
Erik A. Ortmann, Esq.
Elizabeth V. Marchionni, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

To: (***VIA NYSCEF***)
Christopher R. Travis, Esq.
*Attorney for Defendants*
*Fahrenheit Mechanical LLC and David Rusi*
80 Maiden Lane, Suite 304
New York, New York 10038
Tel: (212) 248-2120