# EXHIBIT 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
THE IDEAL SUPPLY COMPANY, individually and on             Index No.: 152298/2021
behalf of all lienors, claimants, and creditors similarly
situated to share funds received by Fahrenheit Mechanical
LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the
New York State Lien Law,                                  **PLAINTIFF'S FIRST SET OF**
                                                          **INTEROGGATORIES TO**
                         Plaintiff,                       **DEFENDANT RUSI**

        -against-

FAHRENHEIT MECHANICAL LLC, *et. al.*,

                         Defendants.
------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff The Ideal Supply Company ("Ideal" or "Plaintiff") by and through its attorneys, Kaufman, Dolowich & Voluck, LLP, hereby demands that Defendant David Rusi ("Rusi" or "Defendant") answer the following interrogatories under oath pursuant to CPLR § 3132, and serve its answers to interrogatories upon Kaufman, Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, within twenty (20) days hereof.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms, names and instructions are used, the following definitions shall be applicable herein:

1.    The term "document" shall be construed to include, without limiting the generality of its meaning, all originals, non-identical copies, drafts and/or drafts with marginalia of any printed, typewritten, handwritten or otherwise recorded or graphic matter of whatever character, however produced or reproduced, whether or not now in existence, including but not limited to, contracts, files, agreements, administrative complaints, agency forms or questionnaires, correspondence, e-mails, telegrams, notes or sound recordings of any type of conversation,

meeting or conference, memoranda, graphs, charts, inter-office communications, jottings, announcements, depositions, affidavits, photographs, motion pictures, studies, analyses, reports, summaries and results of investigations and tests, reviews, statistical records, ledgers, books of account, vouchers, bank checks, handbooks, manuals, bank statements, audit reports and other statements, invoices, receipts, confirmations, computer-developed, stored or produced data, notebooks, desk calendars, appointment books, newspaper articles, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

2. The terms "concerning" or "related" shall be construed broadly to mean relating to, referring to, describing, evidencing, constituting, pertaining to, constituting, comprising, containing, setting forth, showing, disclosing, or describing, directly, tangentially or indirectly.

3. "Ideal Supply" or "Plaintiff' shall mean the plaintiff Ideal Supply Company and/or any of its present or former officers, directors, employees, partners, agents, representatives, consultants, experts, attorneys, joint venturers, corporate parents, subsidiaries or affiliates.

4. "Fahrenheit" means Fahrenheit Mechanical Inc. and/or Fahrenheit Mechanical LLC any of its present or former officers, directors, employees, partners, agents, representatives, consultants, experts, attorneys, joint venturers, corporate parents, subsidiaries or affiliates, including but not limited to David Rusi.

5. "Rusi" or "Defendant" shall mean the defendant David Rusi.

6. "Complaint" shall refer to Plaintiff's Amended Complaint in the above-captioned action, including any initial and all amended pleadings.

7. "Project(s)" shall mean the private and/or public improvement projects referred to and defined in the Complaint, including those located or known as:

   a. 230 Vesey Street, New York, New York 100000 ("Vesey Street Project");
   b. 47 Hall Street, Brooklyn, New York 11201 (the "Hall Street Project");

   c. 1 Manhattan West, New York, New York ("Manhattan West Project");

   d. Pier 57 located at 25 11th Avenue, New York, New York ("Pier 57 Project");

   e. 201 Varick Street, New York, New York ("Varick Street Project");

   f. LaGuardia Airport located in Flushing New York ("LaGuardia Project")(collectively the "Projects").

8. "Answer" shall refer to Rusi's Answer in the above-captioned action, including any initial and all amended pleadings.

9. The terms "and/or" and "any and all" shall be read conjunctively or disjunctively as necessary to make your response as inclusive as possible rather than as exclusive as possible.

10. "Parties" means and refers to any persons or entities involved in these proceedings, including Plaintiff, Rusi, and Defendant.

11. For all references herein, when gender is used, the masculine form will be taken to include the feminine. The singular form will be taken to include the plural.

## CLAIM OF PRIVILEGE

If the responding party claims that the response to any interrogatory is privileged or for any other reason not discoverable, the response hereto shall state the nature of the factual and legal basis for the privilege claimed or other ground for non-production.

## INTERROGATORIES

1. Identify the individuals who assisted in the preparation of the answers to these interrogatories and set forth which interrogatory each person assisted in preparing the answer thereto.

2. Identify the name and address of witnesses whose testimony Defendant intends to rely upon in defense of Plaintiff's Complaint.

3

**FILED: NEW YORK COUNTY CLERK 04/09/2022 04:59 AM** INDEX NO. 152298/2021
NYSCEF DOC. NO. 36 RECEIVED NYSCEF: 04/09/2022

Case 1-23-01087-jmm Doc 16-10 Filed 07/19/24 Entered 07/19/24 16:42:59

3. Identify the name and address of witnesses whose testimony Defendant intends to rely upon in support of Defendant's Affirmative Defenses set forth in his Answer.

4. Identify the name and addresses of any person, corporate officer, principal, or agent of Fahrenheit who authorized or approved the use of any Project trust funds from 2019 to the present.

5. Identify the name and addresses of any individual named as a signatory on any account in which Project trust funds were deposited between 2019 through the present.

6. Identify the name and addresses of any individual or company that was identified by Fahrenheit as a beneficiary to any Project trust fund between 2019 through the present.

7. Itemize and list all trust funds or assets received by Fahrenheit on each of the Project from 2019 to the present, including the source of such funds or assets and the date and amount received.

8. Itemize and list all trust funds or assets paid or transferred by Fahrenheit on each of the Project from 2019 to the present, including the name and address of the transferee, date of transfer, and amount(s).

9. Identify the documentary evidence relied upon in his Eleventh Affirmative Defense set forth in Defendant's Answer.

10. Itemize and breakdown any amounts claimed to have been paid to Ideal after 2019 as asserted in the Thirteenth Affirmative Defenses set forth in Defendant's Answer.

11. Identify the release(s) relied upon in the Sixteenth Affirmative Defense set forth in Defendant's Answer.

**PLEASE TAKE NOTICE** that Plaintiff reserves the right to serve additional interrogatories as permitted.

Dated: Woodbury, New York
October 29, 2021

                                                KAUFMAN DOLOWICH & VOLUCK, LLP
                                               *Attorneys for Plaintiff Ideal Supply Company*

By : _____
       Erik A. Ortmann, Esq.
       Elizabeth V. Marchionni, Esq.
       135 Crossways Park Drive, Suite 201
       Woodbury, New York 11797
       (516) 681-1100

To: (***VIA NYSCEF***)
Christopher R. Travis, Esq.
*Attorney for Defendants*
*Fahrenheit Mechanical LLC and David Rusi*
80 Maiden Lane, Suite 304
New York, New York 10038
Tel: (212) 248-2120