# EXHIBIT 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on          Index No.: 152298/2021
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under          **NOTICE OF MOTION**
Article 3-A of the New York State Lien Law,

                    Plaintiff,

      -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      **PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Elizabeth Marchionni

dated June 10, 2022, and the exhibits annexed thereto, and upon all the pleadings and

proceedings heretofore had and held herein, the undersigned will move this Court at the Motion

Submission Part, Room 130, located at 60 Centre Street, New York, New York 10007, on the

21st day of June, at 9:30 o'clock in the morning of that day or as soon thereafter as counsel can

be heard for an Order:

     (i)       pursuant to CPLR § 3215(b), granting Plaintiff The Ideal Supply Company a
             default judgment in the amount of $228,758.62, plus costs and interest, as against
             Defendant David Rusi ("Rusi") based on Rusi's default of the Court's Conditional
             Order dated April 25, 2022;

     (ii)     directing the Clerk of Court to enter judgment against Defendant Rusi in the
             amount of $228,758.62 plus costs and interest; and

     (iii)    granting such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       June 10, 2022

KAUFMAN DOLOWICH & VOLUCK LLP
*Attorneys for Plaintiff The Ideal Supply Company*

By: _____

       Elizabeth V. Marchionni
       Adam A. Perlin
       135 Crossways Park Drive, Ste. 201
       Woodbury, NY 11797
       (516) 681-1100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

Index No.: 152298/2021

**AFFIRMATION IN SUPPORT**

Plaintiff,

-against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI, CONTINENTAL CASUALTY COMPANY, "JANE DOE #1" THROUGH "JANE DOE #10", AND FAHRENHEIT MECHANICAL INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NASSAU       )

ELIZABETH V. MARCHIONNI, an attorney duly admitted to practice law in the State of New York hereby affirms as follows under the penalties of perjury:

1.      I am a partner of Kaufman Dolowich & Voluck, LLP, attorneys for The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), the plaintiff in the above-captioned matter.  I am fully familiar with all of the facts and circumstances herein and have personal knowledge of the facts supporting the statements contained herein.

2.      I submit this affirmation pursuant to CPLR § 3215(b) in support of Plaintiff's proposed judgment against Defendant David Rusi ("Rusi") based on Rusi's default under the Court's Conditional Order dated April 25, 2022 (the "April 2022 Conditional Order") striking Rusi's Answer.  (See April 2022 Conditional Order, NYSCEF Doc. No. 42.)

3.      Plaintiff commenced this action on March 5, 2021, by filing a Summons and Verified Complaint against, *inter alia*, Defendants Fahrenheit Mechanical, LLC, Fahrenheit

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

Mechanical, LLC, and Rusi, as amended on March 19, 2021. (A copy of the Summons and

Verified Complaint and Amended Verified Complaint are annexed to this application as **Exhibit**

**1**.)

4.       The affidavit of the facts constituting the claim and the amount due are set forth in

the Affidavit of Tracy Bates dated April 1, 2022 (NYSCEF Doc No. 18), which is fully

incorporated herein and is annexed to this application as **Exhibit 2**.

5.       In the Court's April 2022 Conditional Order, the Court severed Plaintiff's Second,

Fifth, Sixth, and Seventh Causes of Action for breach of contract as to Rusi and directed the

clerk of court to enter judgment in favor of Plaintiff as against the Fahrenheit Entities in the

amount of $194,223.73, plus statutory interest calculated through March 21, 2022 pursuant to

GBL § 567-b thereon in the amount of $34,532.89, for a combined sum of $228,756.62, together

with an award of costs and disbursements. (NYSCEF Doc. No. 42.)

6.       Judgment was entered against the Fahrenheit entities on May 9, 2022.  (NYSCEF

Doc. No. 46.)

7.       Further in the April 2022 Conditional Order, the Court ordered Rusi's answer

stricken, unless, within 30 days from service of a copy of the April 2022 Conditional Order with

notice of entry, *i.e.*, on or before May 25, 2022, Rusi responded to Plaintiff's discovery demands.

(NYSCEF Doc. No. 42.)

8.       The April 2022 Conditional Order was duly served with Notice of Entry on Rusi

on April 25, 2022. (Notice of Entry, NYSCEF Doc No. 43.)

9.       Thereafter, Rusi failed to respond in any way to Plaintiff's discovery demands,

and as such, his Answer was automatically stricken.  Rusi has no reasonable excuse for his

default nor has Rusi or his counsel of record communicated with this office to seek any extension

of the Court's deadline.

10.     Rusi has therefore defaulted on Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action for breach of contract in the amounts already determined by the Court in its April 2022 Conditional Order, for which he is jointly and severally liable.

11.     On June 1, 2022, Plaintiff filed a proposed judgment ("Proposed Judgment") to the County Clerk for entry pursuant CPLR § 3215(a) based on Rusi's default under the April 2022 Conditional Order.  (A copy of the Proposed Judgment and accompanying papers are annexed hereto as **Exhibit 3**).

12.     The Clerk returned the filing and declined to enter the Proposed Judgment, citing the absence of any order directing the Clerk to enter a judgment against Rusi.  (A copy of the Clerk's Office's communication to Plaintiff is annexed hereto as **Exhibit 4**.)

13.     Pursuant to CPLR 3215(b), Rusi has defaulted and Plaintiff is entitled to entry of a judgment against him in the amount of $228,756.62 (as previously determined by the Court), together with an award of costs and disbursements.

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an order pursuant to CPLR 3215(b), directing the clerk of the court to enter a default judgment against Defendant Rusi in the amount of $228,758.62, plus costs, and interest from April 1, 2022, the date of default, through entry of judgment herein, together with such other and further relief the court may deem just and proper.

Dated: Woodbury, New York
      June 10, 2022

_____
ELIZABETH V. MARCHIONNI

Case 1:23-01087-jmm Doc 16-14 Filed 07/19/24 Entered 07/19/24 16:42:59

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical Inc., under Article 3-A of the New York State
Lien Law,

                            Plaintiff,

       -against-

FAHRENHEIT MECHANICAL INC., DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
AND "JANE DOE #1" THROUGH "JANE DOE #10",

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates New York
County as the place for trial.

The basis for venue is Defendant's
residence.

To the above-named Defendant(s):

        YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and

to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a

notice of appearance upon the Plaintiff's attorney within twenty (20) days after the service of this

Summons, exclusive of the day of service (or within thirty (30) days after the service is complete

if this Summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Verified Complaint.

Dated: Woodbury, New York
      March 5, 2021

                         KAUFMAN DOLOWICH & VOLUCK, LLP
                         *Attorneys for Plaintiff The Ideal Supply Company*

              By: _____
                      Erik A. Ortmann, Esq.
                      Elizabeth V. Marchionni, Esq.
                      135 Crossways Park Drive, Suite 201
                      Woodbury, New York 11797
                      (516) 681-1100

DEFENDANT'S ADDRESS:

FAHRENHEIT MECHANICAL INC
120 Broadway, 36th Floor
New York, New York 10271

DAVID RUSI
c/o FAHRENHEIT MECHANICAL INC
120 Broadway, 36th Floor
New York, New York 10271

CONTINENTAL CASUALTY COMPANY
C/O NYS DEPARTMENT OF FINANIAL SERVICES
333 S. Wabash Ave,
Chicago, IL 60604

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly             Index No.:
situated entitled to share funds received by Fahrenheit
Mechanical Inc., under Article 3-A of the New York State
Lien Law,                                                            **VERIFIED COMPLAINT**

              Plaintiff,

   -against-

FAHRENHEIT MECHANICAL INC., DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
AND "JANE DOE #1" THROUGH "JANE DOE #10",


              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Plaintiff The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), by and through its

attorneys, Kaufman Dolowich & Voluck, LLP, as and for its Verified Complaint against

Defendant, Fahrenheit Mechanical Inc. ("Fahrenheit") and defendant (collectively "Defendants"),

alleges as follows:

     1.     At all relevant times, Ideal Supply was and/or is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey and authorized

to conduct business in the State of New York.

     2.     That upon information and belief, at all times hereinafter mentioned, Defendant

Fahrenheit was/is a domestic corporation duly organized and existing under and by virtue of the

laws of the State of New York with a principal office located at 120 Broadway, 36th Floor, New

York, New York.

     3.     Upon information and belief, defendant David Rusi is and was at all times

hereinafter mentioned, principal, officer and/or owner of Defendant Fahrenheit.

4.     Upon information and belief Continental Casualty Company is an insurance company authorized to do business in the State of New York, with a principal place of business located at 151 North Franklin Street, Chicago, Illinois.

5.     Upon information and belief, defendants "Jane Doe "#1" through Jane Doe "#10" are fictitious names of individuals, their true names being unknown to Plaintiff, but are persons intended to be either members, managers, or member managers of Fahrenheit or are persons who received funds for the improvement of real property further described herein in trust for the Plaintiff under the provisions of New York Lien Law Article 3-A, and have either converted said trust funds or diverted same and/or applied or consented to the application of said trust funds for purposes other than allowed trust purposes as specified in Section 71 of the Lien Law.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Breach of Contract – Vesey Street Project)

6.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "5" as if fully set forth herein.

7.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 230 Vesey Street, New York, New York 10000 ("Vesey Street Project").

8.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for Vesey Street Project in the agreed upon price of $3,694.28.

9.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $3,694.28.

10.     As of August 9, 2020, a balance of $3,694.28 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Vesey Street Project.

2

11.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $3,694.28, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract – Manhattan West Project)

12.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "11" as if fully set forth herein.

13.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at 1 Manhattan West, New York (the "Manhattan West Project").

14.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Manhattan West Project in the agreed upon price of $144,635.83.

15.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $144,635.83 for materials furnished for the Manhattan West Project.

16.     As of December 9, 2020, a balance of $144,635.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Manhattan West Project.

17.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $144,635.83, plus contractual interest thereon at the rate of 1.5% per month.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract – Hammel Houses Project)

18.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "17" as if fully set forth herein.

3

19.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials for a public improvement known as Hammel Houses owned by New York City Housing Authority and located in Queens, New York (the "Hammel Houses Project").

20.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Hammel Houses Project in the agreed upon price of $17,711.83.

21.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $17,711.83.

22.     As of December 10, 2020, a balance of $17,711.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Hammel Houses Project.

23.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due and Plaintiff is entitled to a judgment in the amount of $17,711.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Payment Bond Claim Against Continental Casualty Company– Hammel Houses)

24.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "23" as if fully set forth herein.

25.     Continental Casualty Company, as surety, issued a Labor and Material Payment Bond No. 30038701 (the "Bond"), in the principal sum of $139,222,000 for the befit of the Hammel Houses Project, pursuant to State Finance Law Section 137.  A copy of the Bond is annexed hereto as **Exhibit "1"**.

26.     Pursuant to the Bond, Continental Casualty Company bound itself to promptly pay all persons having claims for materials supplied to the Project, among others.

4

27.     The materials supplied by Plaintiff to Fahrenheit Mechanical under the Hammel Houses Project purchase orders were provided for, and reasonably required for use in the performance of, the Project.

28.     Plaintiff has not been paid in full for said material in the sum of $17,711.83.

29.     Within the applicable period, Plaintiff duly provided notice under the Bond of its claim for sums due for materials supplied to the Hammel Houses Project.

30.     Plaintiff has complied with all requirements of the Bond.

31.     Continental Casualty Company is liable under the Bond for all sums due and owing Plaintiff for its material supplied to the Hammel Houses Project.

32.     Continental Casualty Company has failed to make payment to Plaintiff for the value of the material supplied to the Hammel Houses Project for which it remains unpaid.

33.     By reason of the foregoing, Plaintiff is entitled to a judgment against Continental Casualty Company and the Bond in the amount of $17,711.83, plus interest and reasonable attorney's fees pursuant to State Finance Law Section 137.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Breach of Contract – Pier 57 Project)

34.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "33" as if fully set forth herein.

35.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at Pier 57, New York, New York (the "Pier 57 Project").

36.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Pier 57 Project in the agreed upon price of $45,831.85.

5

37.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $45,831.85.

38.     As of September 30, 2020, a balance of $45,831.85 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Pier 57 Project.

39.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $45,831.85, plus contractual interest thereon at the rate of 1.5 percent per month.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Breach of Contract – Varick Street Project)

40.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "39" as if fully set forth herein.

41.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 201 Varick Street, New York, New York (the "Varick Street Project").

42.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Varick Street Project in the agreed upon price of $18.90.  Despite Plaintiff's performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $18.90.

43.     As of July 16, 2020, a balance of $18.90 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished for the Varick Street project.

44.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $18.90, plus contractual interest thereon at the rate of 1.5 Percent per month.

6

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract – La Guardia Airport Project)

45.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "44" as if fully set forth herein.

46.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the public improvement known as La Guardia Airport located in East Elmhurst, New York (the "La Guardia Airport Project").

47.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the La Guardia Airport Project in the agreed upon price of $47.87.

48.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $47.87.

49.     As of May 21, 2020, a balance of $42.87 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the La Guardia Airport Project.

50.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due it and Plaintiff is entitled to a judgment in the amount of $47.87, plus contractual interest thereon at the rate of 1.5% per month.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Account Stated against Defendant Fahrenheit)

51.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "50" as if fully set forth herein.

52.     Plaintiff supplied Defendant Fahrenheit with certain plumbing supplies and materials at Defendant's request.

7

53.    Plaintiff sent and Defendant Fahrenheit received various invoices for the plumbing supplies and materials furnished by Plaintiff.

54.    On or about January 21, 2021, Plaintiff sent, and Defendant Fahrenheit received an account statement of all outstanding invoices past due and owing to Plaintiff by Defendant Fahrenheit.

55.    Defendant Fahrenheit retained and accepted and did not object to any invoice or account statement provided by Plaintiff.

56.    Upon information and belief, Defendant Fahrenheit has failed to remit payment to Plaintiff under the past due invoices or accounting statement. The amount outstanding and due from Defendant Fahrenheit amount to the sum of $211,935.56, plus contractual interest thereon at a rate of 1.5% per month.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Unjust Enrichment/*Quantum Meruit*)

57.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "5" as if set forth herein.

58.    Plaintiff furnished Defendant Fahrenheit with certain plumbing supplies and materials at Defendant Fahrenheit's request.

59.    Plaintiff's plumbing supplies provided to Defendant Fahrenheit did enhance the value of the Projects to the benefit of the Defendant Fahrenheit and others.

60.    The fair and reasonable value of the amount still outstanding and due from Defendant Fahrenheit for the Projects in excess of $211,935.56.

61.    Defendant Fahrenheit has been unjustly enriched by Plaintiff having supplied and furnished various plumbing supplies and materials without due compensation.

8

62.     Despite due demand therefor, Defendant Fahrenheit has failed to pay Plaintiff in the sum of $211,935.56 and Plaintiff is entitled to a judgment in the amount of $211,935.56, plus statutory interest thereon or in the alternative, *quantum meruit* against Defendant Fahrenheit for the materials supplied by Plaintiff for its various Projects.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Lien Law Art. 3-A Trust Diversion)

63.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "62" as if set forth herein.

64.     The funds received by Fahrenheit Mechanical from the various owners/construction managers or otherwise constituted trust funds within the meaning of Article 3-A of the Lien Law and were and are required to be held and applied for the payment of the costs and expenditures for the improvement of the foregoing Project prior to being used for any other purpose.

65.     Upon information and belief, Fahrenheit and/or David Rusi, as its principal responsible for the administration of Project funds (hereinafter together referred to as the "Trustees"), have converted or been the recipients of converted trust funds, or diverted same, and/or applied or consented to the application of trust funds for purposes other than those allowed by Article 3-A of the Lien Law.

66.     On or about February 2, 2021, Plaintiff served a demand on Fahrenheit and David Rusi, pursuant to Section 76 of the Lien Law seeking an accounting of the trust funds.

67.     To date, no response or accounting has been provided by Trustees to Plaintiff.

68.     Upon information and belief, the Trustees have failed to maintain trust accounting books and records as required by law and, as such, a presumption that said Trustees has misapplied or diverted, and/or consented to the misapplication and/or diversion of trust funds arises.

9

69.    Upon information and belief, Trustees have transferred said trust funds or permitted the transfer of said funds to their own accounts and to other transferees, Jane Does #1 through #10, the names of which are unknown at this time.

70.    Upon information and belief, said transferees were not furnishers of labor, materials or supplies for the improvement of the subject real property and were not trust beneficiaries of the funds received by Trustees from the owner/construction manager, or other beneficiaries under Article 3-A of the Lien Law.

71.    In addition to Plaintiff, there may be other contractors, materialmen and suppliers who furnished labor and materials for the improvement of the Projects such as named lienor defendants, the existence, nature, extent and correctness of whose claims are not presently known.

72.    Upon information and belief, the Trustees' diversion was committed with the intent to deprive Plaintiff and other potential beneficiaries of trust funds.

73.    This cause of action is brought as a class action under Article 3-A of the Lien Law.

74.    Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff The Ideal Supply Company, hereby demands judgment:

(a)    On the First Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $3,694.28 plus contractual interest at the rate of 1.5 Percent from August 9, 2020 thereon;

(b)    On the Second Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $144,635.83 plus contractual interest at the rate of 1.5 Percent from December 9, 2020 thereon;

10

(c)     On the Third Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $17,711.83 plus contractual interest at the rate of 1.5 Percent from December 10, 2020 thereon;

(d)     On the Fourth Cause of Action, judgment against Defendant Continental Casualty Insurance Company and the Bond in in favor of Plaintiff, in an amount of $17,711.83 plus interest and reasonable attorney's fees;

(e)     On the Fifth Cause of Action judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $45,831.85 plus contractual interest at the rate of 1.5 Percent from September 30, 2020 thereon;

(f)     On the Sixth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $18.90 plus contractual interest at the rate of 1.5 Percent from July 16, 2020 thereon;

(g)     On the Seventh Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $42.87 plus contractual interest at the rate of 1.5 Percent from May 21, 2020 thereon;

(h)     On the Eighth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $211,935.56, together with statutory interest thereon, from January 21, 2021 and the costs and disbursement of this action.

(i)     On the Ninth Cause of Action, judgment against Fahrenheit Mechanical Inc., in favor of Plaintiff, in the amount of $211,935.56, together with statutory interest thereon and the costs and disbursement of this action; and

(j)     On the Tenth Cause of Action against Defendant Fahrenheit Mechanical Inc., David Rusi and/or Jane Does #1 through #10 as follows:

11

i. declaring that Defendants Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 are trustees of the payments received on the Project, and that Plaintiff and all others who may join in this action, be adjudged to have a claim thereon for the amount of their respective claims with prejudgment interest;

ii. compelling Defendants Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose all transactions with reference to the improvement hereinbefore described, including a statement of all monies held or paid on account thereof, and to whom paid and the dates of such payments;

iii. compelling Defendants Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose, account for and pay over all sums of money held or received by each on account of said improvement, and account for the disposition of any such sums of money disposed of, and also the place or places, property and assets of every kind and nature into which the said sums or any part thereof have been placed;

iv. adjudging and determining that Plaintiff have a money judgment against all aforesaid Defendants on behalf of itself and all other labor and material suppliers similarly situated, and declaring that a trust has been created against the Defendants herein for the sum of $211,935.56 on behalf of Plaintiff and in an additional amount to be determined at trial for the amount determined to be due from the Defendants to all other labor and material suppliers similarly situated who join in this action by reason of the diversion and breach of the provisions of Article 3-A of the Lien Law, with prejudgment interest;

12

     v.     that this Court take such proceedings as may be necessary to bring before it and under its control all such trust funds and all property of every type and nature into which the same may have been diverted, and distribute the same among all parties and person entitled thereto;

     vi.     for its reasonable attorneys' fees and the costs and disbursements of this action;

     vii.     for punitive damages in the sum of $1,000,000;

     viii.     awarding Plaintiff the costs of this action, including reasonable attorneys' fees and expenses, expert's fees and other disbursements; and

(k)     Plus interest, costs and disbursements in connection with this action, and such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
      March 5, 2021

              KAUFMAN DOLOWICH & VOLUCK, LLP
              *Attorneys for Plaintiff The Ideal Supply Company*

              By: _____
                 Erik A. Ortmann, Esq.
                 Elizabeth V. Marchionni, Esq.
                 135 Crossways Park Drive, Suite 201
                 Woodbury, New York 11797
                 (516) 681-1100

13

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                             ) ss.
COUNTY OF NASSAU    )

ERIK A. ORTMANN, being duly sworn, deposes and says:

I am a partner with the law firm Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff The Ideal Supply Company. I have read the foregoing Summons and Complaint and know the contents therein to be true and the same is true to deponent's own knowledge and according to the books and papers of the Plaintiff, except as to matters thereon stated to be alleged upon information and belief, and as to this matters deponent believes them to be true.

This verification is made by deponent and not by the Plaintiff, because the Plaintiff does not reside nor maintain its office in the county where the deponent maintains his office. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are based upon a review of the facts, pleadings, and proceedings in this matter, as well as conversations with the Plaintiff and its employees.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Woodbury, New York
       March 5, 2021

                                           ERIK A. ORTMANN

Sworn to before me this
5th day of March, 2021

Roseann Kennedy
Notary Public

ROSEANN KENNEDY
Notary Public, State of New York
No. 01KE4825968
Qualified in Nassau County
Commission Expires May 31, 2023

14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under
Article 3-A of the New York State Lien Law,

                          Plaintiff,

              -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: 152298/2021
Date Purchased: 3/5/21

**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place for trial.

The basis for venue is Defendant's
residence.

To the above-named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the Amended Verified Complaint in this

action and to serve a copy of your answer, or, if same is not served with this Supplemental

Summons, to serve a notice of appearance upon the Plaintiff's attorney within twenty (20) days

after the service of this Summons, exclusive of the day of service (or within thirty (30) days after

the service is complete if this Summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the Amended Verified Complaint.

Dated: Woodbury, New York
       April 13, 2021

                          KAUFMAN DOLOWICH & VOLUCK, LLP
                          *Attorneys for Plaintiff The Ideal Supply Company*

                          By: _____
                              Erik A. Ortmann, Esq.
                              Elizabeth V. Marchionni, Esq.
                              135 Crossways Park Drive, Suite 201
                              Woodbury, New York 11797
                              (516) 681-1100

<u>DEFENDANTS' ADDRESS:</u>

FAHRENHEIT MECHANICAL LLC
120 Broadway, 36th Floor
New York, New York 10271

DAVID RUSI
c/o FAHRENHEIT MECHANICAL INC.
120 Broadway, 36th Floor
New York, New York 10271

CONTINENTAL CASUALTY COMPANY
C/O NYS DEPARTMENT OF FINANIAL SERVICES
333 S. Wabash Ave,
Chicago, IL 60604

FAHRENHEIT MECHANICAL INC.
120 Broadway, 36th Floor
New York, New York 10271

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly          Index No.: 152298/2021
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical., under                **AMENDED**
Article 3-A of the New York State Lien Law,                       **VERIFIED COMPLAINT**

                              Plaintiff,

                 -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
 "JANE DOE #1" THROUGH "JANE DOE #10",
AND FAHRENHEIT MECHANICAL INC.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), by and through its

attorneys, Kaufman Dolowich & Voluck, LLP, as and for its Amended Verified Complaint against

defendants, Fahrenheit Mechanical LLC, Fahrenheit Mechanical Inc. ("Fahrenheit"), David Rusi,

Continental Casualty Company, and Jane Doe #1 through Jane Doe #10 (collectively

"Defendants"), alleges as follows:

1.      At all relevant times, Ideal Supply was and/or is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of Delaware and authorized to

conduct business in the State of New York.

2.      That upon information and belief, at all times hereinafter mentioned, Defendant

Fahrenheit Mechanical LLC was/is a domestic limited liability company duly organized and

existing under and by virtue of the laws of the State of New York with a principal office located

at 120 Broadway, 36th Floor, New York, New York.

1

3.    That upon information and belief, at all times hereinafter mentioned, Defendant

Fahrenheit Inc. ("Fahrenheit") was/is a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York with a principal office located at 120 Broadway,

36th Floor, New York, New York.

4.    Upon information and belief, defendant David Rusi is and was at all times

hereinafter mentioned, principal, officer and/or owner of Defendant Fahrenheit.

5.    Upon information and belief Continental Casualty Company is an insurance

company authorized to do business in the State of New York, with a principal place of business

located at 151 North Franklin Street, Chicago, Illinois.

6.    Upon information and belief, defendants "Jane Doe "#1" through Jane Doe "#10"

are fictitious names of individuals, their true names being unknown to Plaintiff, but are persons

intended to be either members, managers, or member managers of Fahrenheit or are persons who

received funds for the improvement of real property further described herein in trust for the

Plaintiff under the provisions of New York Lien Law Article 3-A, and have either converted said

trust funds or diverted same and/or applied or consented to the application of said trust funds for

purposes other than allowed trust purposes as specified in Section 71 of the Lien Law.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(Breach of Contract – Vesey Street Project)

7.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1"

through "6" as if fully set forth herein.

8.    Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby

Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private

improvement located at 230 Vesey Street, New York, New York 10000 ("Vesey Street Project").

9.    Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for

2

Vesey Street Project in the agreed upon price of $3,694.28.

10.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $3,694.28.

11.     As of August 9, 2020, a balance of $3,694.28 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Vesey Street Project.

12.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $3,694.28, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract – Manhattan West Project)

13.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "12" as if fully set forth herein.

14.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at 1 Manhattan West, New York, New York (the "Manhattan West Project").

15.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Manhattan West Project in the agreed upon price of $144,635.83.

16.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $144,635.83 for materials furnished for the Manhattan West Project.

17.     As of December 9, 2020, a balance of $144,635.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Manhattan West Project.

3

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

18.    Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $144,635.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract – Hammel Houses Project)

19.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "18" as if fully set forth herein.

20.    Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials for a public improvement known as Hammel Houses owned by New York City Housing Authority and located in Queens, New York (the "Hammel Houses Project").

21.    Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Hammel Houses Project in the agreed upon price of $17,711.83.

22.    Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $17,711.83.

23.    As of December 10, 2020, a balance of $17,711.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Hammel Houses Project.

24.    Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due and Plaintiff is entitled to a judgment in the amount of $17,711.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Payment Bond Claim Against Continental Casualty Company– Hammel Houses)

25.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "24" as if fully set forth herein.

4

26.     Continental Casualty Company, as surety, issued a Labor and Material Payment Bond No. 30038701 (the "Bond"), in the principal sum of $139,222,000 for the befit of the Hammel Houses Project, pursuant to State Finance Law Section 137. A copy of the Bond is annexed hereto as Exhibit "1".

27.     Pursuant to the Bond, Continental Casualty Company bound itself to promptly pay all persons having claims for materials supplied to the Project, among others.

28.     The materials supplied by Plaintiff to Fahrenheit Mechanical under the Hammel Houses Project purchase orders were provided for, and reasonably required for use in the performance of, the Project.

29.     Plaintiff has not been paid in full for said material in the sum of $17,711.83.

30.     Within the applicable period, Plaintiff duly provided notice under the Bond of its claim for sums due for materials supplied to the Hammel Houses Project.

31.     Plaintiff has complied with all requirements of the Bond.

32.     Continental Casualty Company is liable under the Bond for all sums due and owing Plaintiff for its material supplied to the Hammel Houses Project.

33.     Continental Casualty Company has failed to make payment to Plaintiff for the value of the material supplied to the Hammel Houses Project for which it remains unpaid.

34.     By reason of the foregoing, Plaintiff is entitled to a judgment against Continental Casualty Company and the Bond in the amount of $17,711.83, plus interest and reasonable attorney's fees pursuant to State Finance Law Section 137.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract – Pier 57 Project)

35.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "34" as if fully set forth herein.

5

36. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at Pier 57, New York, New York (the "Pier 57 Project").

37. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Pier 57 Project in the agreed upon price of $45,831.85.

38. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $45,831.85.

39. As of September 30, 2020, a balance of $45,831.85 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Pier 57 Project.

40. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $45,831.85, plus contractual interest thereon at the rate of 1.5 percent per month.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of Contract – Varick Street Project)

41. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "40" as if fully set forth herein.

42. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 201 Varick Street, New York, New York (the "Varick Street Project").

43. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Varick Street Project in the agreed upon price of $18.90. Despite Plaintiff's performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $18.90.

6

44.     As of July 16, 2020, a balance of $18.90 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished for the Varick Street project.

45.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $18.90, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract – La Guardia Airport Project)

46.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "45" as if fully set forth herein.

47.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the public improvement known as La Guardia Airport located in East Elmhurst, New York (the "La Guardia Airport Project").

48.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the La Guardia Airport Project in the agreed upon price of $47.87.

49.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $47.87.

50.     As of May 21, 2020, a balance of $42.87 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the La Guardia Airport Project.

51.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $47.87, plus contractual interest thereon at the rate of 1.5 Percent per month.

7

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Account Stated against Defendant Fahrenheit)

52. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "51" as if fully set forth herein.

53. Plaintiff supplied Defendant Fahrenheit with certain plumbing supplies and materials at Defendant's request.

54. Plaintiff sent and Defendant Fahrenheit received various invoices for the plumbing supplies and materials furnished by Plaintiff.

55. On or about January 21, 2021, Plaintiff sent, and Defendant Fahrenheit received an account statement of all outstanding invoices past due and owing to Plaintiff by Defendant Fahrenheit.

56. Defendant Fahrenheit retained and accepted and did not object to any invoice or account statement provided by Plaintiff.

57. Upon information and belief, Defendant Fahrenheit has failed to remit payment to Plaintiff under the past due invoices or accounting statement. The amount outstanding and due from Defendant Fahrenheit amount to the sum of $211,935.56, plus contractual interest thereon at a rate of 1.5 Percent per month.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Unjust Enrichment/*Quantum Meruit*)

58. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "57" as if set forth herein.

59. Plaintiff furnished Defendant Fahrenheit with certain plumbing supplies and materials at Defendant Fahrenheit's request.

8

60. Plaintiff's plumbing supplies provided to Defendant Fahrenheit did enhance the value of the Projects to the benefit of the Defendant Fahrenheit and others.

61. The fair and reasonable value of the amount still outstanding and due from Defendant Fahrenheit for the Projects in excess of $211,935.56.

62. Defendant Fahrenheit has been unjustly enriched by Plaintiff having supplied and furnished various plumbing supplies and materials without due compensation.

63. Despite due demand therefor, Defendant Fahrenheit has failed to pay Plaintiff in the sum of $211,935.56 and Plaintiff is entitled to a judgment in the amount of $211,935.56, plus statutory interest thereon or in the alternative, *quantum meruit* against Defendant Fahrenheit for the materials supplied by Plaintiff for its various Projects.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Lien Law Art. 3-A Trust Diversion)

64. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "63" as if set forth herein.

65. The funds received by Fahrenheit Mechanical from the various owners/construction managers or otherwise constituted trust funds within the meaning of Article 3-A of the Lien Law were and are required to be held and applied for the payment of the costs and expenditures for the improvement of the foregoing Project prior to being used for any other purpose.

66. Upon information and belief, Fahrenheit and/or David Rusi, as its principal responsible for the administration of Project funds (hereinafter together referred to as the "Trustees"), have converted or been the recipients of converted trust funds, or diverted same, and/or applied or consented to the application of trust funds for purposes other than those allowed by Article 3-A of the Lien Law.

9

Case 1:23-01087-jpm    Doc 16-14    Filed 07/19/24    Entered 07/19/24 16:42:58
INDEX NO. 152298/2021
RECEIVED NYSCEF: 06/18/2022

67.    On or about February 2, 2021, Plaintiff served a demand on Fahrenheit and David Rusi, pursuant to Section 76 of the Lien Law seeking an accounting of the trust funds.

68.    To date, no response or accounting has been provided by Trustees to Plaintiff.

69.    Upon information and belief, the Trustees have failed to maintain trust accounting books and records as required by law and, as such, a presumption that said Trustees has misapplied or diverted, and/or consented to the misapplication and/or diversion of trust funds arises.

70.    Upon information and belief, Trustees have transferred said trust funds or permitted the transfer of said funds to their own accounts and to other transferees, Jane Does #1 through #10, the names of which are unknown at this time.

71.    Upon information and belief, said transferees were not furnishers of labor, materials or supplies for the improvement of the subject real property and were not trust beneficiaries of the funds received by Trustees from the owner/construction manager, or other beneficiaries under Article 3-A of the Lien Law.

72.    In addition to Plaintiff, there may be other contractors, materialmen and suppliers who furnished labor and materials for the improvement of the Projects such as named lienor defendants, the existence, nature, extent and correctness of whose claims are not presently known.

73.    Upon information and belief, the Trustees' diversion was committed with the intent to deprive Plaintiff and other potential beneficiaries of trust funds.

74.    This cause of action is brought as a class action under Article 3-A of the Lien Law.

75.    Plaintiff has no adequate remedy at law.

10

**WHEREFORE**, Plaintiff The Ideal Supply Company, hereby demands judgment:

(a) On the First Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $3,694.28 plus contractual interest at the rate of 1.5 Percent from August 9, 2020 thereon;

(b) On the Second Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $144,635.83 plus contractual interest at the rate of 1.5 Percent from December 9, 2020 thereon;

(c) On the Third Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $17,711.83 plus contractual interest at the rate of 1.5 Percent from December 10, 2020 thereon;

(d) On the Fourth Cause of Action, judgment against Defendant Continental Casualty Insurance Company and the Bond in in favor of Plaintiff, in an amount of $17,711.83 plus interest and reasonable attorney's fees;

(e) On the Fifth Cause of Action judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $45,831.85 plus contractual interest at the rate of 1.5 Percent from September 30, 2020 thereon;

(f) On the Sixth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $18.90 plus contractual interest at the rate of 1.5 Percent from July 16, 2020 thereon;

(g) On the Seventh Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $42.87 plus contractual interest at the rate of 1.5 Percent from May 21, 2020 thereon;

11

(h)     On the Eighth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $211,935.56, together with statutory interest thereon, from January 21, 2021 and the costs and disbursement of this action.

(i)     On the Ninth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in the amount of $211,935.56, together with statutory interest thereon and the costs and disbursement of this action; and

(j)     On the Tenth Cause of Action against Defendant Fahrenheit Mechanical Inc., David Rusi and/or Jane Does #1 through #10 as follows:

i.     declaring that Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 are trustees of the payments received on the Project, and that Plaintiff and all others who may join in this action, be adjudged to have a claim thereon for the amount of their respective claims with prejudgment interest;

ii.     compelling Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose all transactions with reference to the improvement hereinbefore described, including a statement of all monies held or paid on account thereof, and to whom paid and the dates of such payments;

iii.     compelling Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose, account for and pay over all sums of money held or received by each on account of said improvement, and account for the disposition of any such sums of money disposed of, and also the place or places, property and assets of every kind and nature into which the said sums or any part thereof have been placed;

12

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

    iv.    adjudging and determining that Plaintiff have a money judgment against all aforesaid Defendants on behalf of itself and all other labor and material suppliers similarly situated, and declaring that a trust has been created against the Defendants herein for the sum of $211,935.56 on behalf of Plaintiff and in an additional amount to be determined at trial for the amount determined to be due from the Defendants to all other labor and material suppliers similarly situated who join in this action by reason of the diversion and breach of the provisions of Article 3-A of the Lien Law, with prejudgment interest;

    v.    that this Court take such proceedings as may be necessary to bring before it and under its control all such trust funds and all property of every type and nature into which the same may have been diverted, and distribute the same among all parties and person entitled thereto;

    vi.    for its reasonable attorneys' fees and the costs and disbursements of this action;

    vii.    for punitive damages in the sum of $1,000,000;

    viii.    awarding Plaintiff the costs of this action, including reasonable attorneys' fees and expenses, expert's fees and other disbursements; and

    (k)    Plus interest, costs and disbursements in connection with this action, and such other and further relief as this Court may deem just and proper.

[Signature Page To Follow]

13

Dated: Woodbury, New York
April 13, 2021

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Plaintiff The Ideal Supply Company*

By: _____

Erik A. Ortmann, Esq.
Elizabeth V. Marchionni, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

14

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
                        ) ss.
COUNTY OF NASSAU )

ERIK A. ORTMANN, being duly sworn, deposes and says:

I am a partner with the law firm Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff

The Ideal Supply Company. I have read the foregoing Amended Complaint and know the contents

therein to be true and the same is true to deponent's own knowledge and according to the books

and papers of the Plaintiff, except as to matters thereon stated to be alleged upon information and

belief, and as to this matters deponent believes them to be true.

This verification is made by deponent and not by the Plaintiff, because the Plaintiff does

not reside nor maintain its office in the county where the deponent maintains his office. The

grounds of deponent's belief as to all matters not stated upon deponent's knowledge are based upon

a review of the facts, pleadings, and proceedings in this matter, as well as conversations with the

Plaintiff and its employees.

The undersigned affirms that the foregoing statements are true, under the penalties of

perjury.

_____
ERIK A. ORTMANN

Sworn to before me this
13th day of April, 2021

_____
Notary Public

Solomon Abramov
Notary Public, State of New York
No. 02AB6358691
Qualified in Queens County
Commission Expires May 15, 20 21

15

# EXHIBIT 2

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under
Article 3-A of the New York State Lien Law,

               Plaintiff,

    -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: 152298/2021

**AFFIDAVIT IN SUPPORT**

Motion Seq. No. 1

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| | )ss. |
| COUNTY OF HUDSON | ) |

     TRACY BATES, being duly sworn deposes and says:

     1.     I am the President of The Ideal Supply Company ("Ideal Supply" or "Plaintiff"),
plaintiff in the above-captioned matter. I am fully familiar with the facts and circumstances set
forth herein based upon personal knowledge and as to those statements made upon information
and belief, I believe them to be true.

     2.     I respectfully submit this affidavit in support of Ideal Supply's motion seeking (i)
summary judgment against defendant Fahrenheit Mechanical Inc. and/or Fahrenheit Mechanical
LLC (together "Fahrenheit Mechanical") and (ii) to compel or preclude outstanding discovery
from Defendant David Rusi.

     3.     Ideal Supply is a certified woman-owned business entity ("WBE") in the business
of wholesale supplying specialty fitting and plumbing materials used in construction.

4. Ideal Supply's claims arise from Fahrenheit Mechanical's non-payment for certain construction materials ordered and accepted by Fahrenheit Mechanical from Ideal Supply for use on various construction projects (collectively, the "Projects," and any specific project, a "Project"), in the total outstanding sum of $194,223.73, plus interest of $34,532.89, for a combined total of $228,756.62.

***Ideal Supply's Breach of Contract Claims***

5. Fahrenheit Mechanical had been a customer of Ideal Supply's for a number of years.

6. Fahrenheit Mechanical is in the business of performing and providing mechanical labor and material to private and public improvement projects in the New York City area.

7. Ideal Supply and Fahrenheit Mechanical entered into purchase orders whereby Ideal Supply agreed to supply Fahrenheit Mechanical with certain plumbing materials for the Projects.

8. The Projects for which Ideal Supply supplied Fahrenheit Mechanical various materials for use and incorporation, and for which it remains outstanding in payment are limited to the following:[1]

    a. 230 Vesey Street, New York, New York 100000 ("Vesey Street Project");

    b. 1 Manhattan West, New York, New York ("Manhattan West Project");

    c. Pier 57 located at 25 11th Avenue, New York, New York ("Pier 57 Project");

    d. 201 Varick Street, New York, New York ("Varick Street Project"); and

    e. LaGuardia Airport located in Flushing New York ("LaGuardia Project").

---

[1] The list of Projects excludes the following two projects listed in Ideal Supply's Amended Verified Complaint for which payment was received after the commencement of this Action: (i) the Sandy Recovery Program at Hammel Houses located at 85-2 Rockaway Beach Boulevard, Far Rockaway, New York 11693, and (ii) the Project at 47 Hall Street, Brooklyn, New York 11201.

2

Case 1-23-01087-jmm    Doc 16-14    Filed 07/19/24    Entered 07/19/24 16:42:58

9.      In furtherance of Fahrenheit Mechanical's agreements to perform work on the above referenced Projects, Fahrenheit Mechanical placed orders for certain plumbing-related materials with Ideal Supply between April 2020 and November 2020 as follows:

a.      Vesey Street Project – Seven (7) outstanding invoices totaling $3,694.28 (a summary chart along with copies of Vesey Street Project Invoices are attached hereto as **Exhibit "1"**);

b.      Manhattan West Project – Seventy One (71) outstanding invoices totaling $144,635.83 (a summary chart along with copies of Manhattan West Project Invoices are attached hereto as **Exhibit "2"**);

c.      Pier 57 Project – Fifty One (51) outstanding invoices totaling $45,981.13 (a summary chart along with copies of Pier 57 Project Invoices are attached hereto as **Exhibit 3"**);

d.      Varick Street Project – One outstanding invoice totaling $18.90 (a summary chart along with a copy of the Varick Street Project Invoice is attached hereto as **Exhibit "4"**); and

e.      LaGuardia Project - One outstanding invoice totaling $42.87 (a summary chart along with a copy of the LaGuardia Project Invoice is attached hereto as **Exhibit "5"**):

10.     By November 9, 2020, all materials ordered by Fahrenheit Mechanical were delivered to Fahrenheit Mechanical, picked up from Ideal Supply's shop facility by Fahrenheit Mechanical, or shipped directly to the appropriate Project, at Fahrenheit Mechanical's direction and request.

11.     Despite Ideal Supply completing performance on the Projects, Fahrenheit Mechanical failed to remit payment to Ideal Supply.

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

12.     The total amount that Fahrenheit Mechanical owes Ideal Supply for its unpaid

invoices for the Projects is $194,223.73.

13.     The total amount of interest due on Ideal Supply's unpaid invoices is $34,532.89.

(*See* Interest Chart attached hereto as **Exhibit "6."**)

14.     The combined total due Ideal Supply from Fahrenheit Mechanical is $228,756.62,

comprised of the amount in the unpaid invoices plus interest.

***Ideal Supply's Account Stated Claim***

15.     As set forth above, Ideal Supply supplied Fahrenheit Mechanical with certain

plumbing supplies and materials for the various Projects.

16.     It is Ideal Supply's standard practice to provide and deliver invoices for all

materials purchased and delivered to its customers, including Fahrenheit Mechanical.

17.     Ideal Supply provided copies of each invoice for materials purchased and

delivered to Fahrenheit Mechanical on the date of the invoice by regular mail.

18.     It is also Ideal Supply's standard practice to obtain a signature from the recipient

of its materials.

19.     In accordance with these practices, Ideal Supply sent invoices to Fahrenheit

Mechanical and obtained signatures from Fahrenheit of each delivery of its materials.  (Copies of

the signed receipts for the materials delivered to Fahrenheit Mechanical are attached hereto as

**Exhibits "1" through "5."**)

20.     Fahrenheit Mechanical accepted all materials and rejected none.

21.     Fahrenheit Mechanical also accepted all invoices for these materials without

objection or rejection.

4

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

22.     Ideal Supply also regularly sent monthly statements (the Statements") to Fahrenheit Mechanical by regular mail, none of which were returned or rejected for any reason. (Copies of the Statements sent to Fahrenheit Mechanical are attached hereto as **Exhibit "7."**)

23.     Since the inception of this lawsuit, partial payment on several invoices reflected in the last Statement were made on behalf of or by Fahrenheit Mechanical, and the total remaining sum due is accurately recited above.

24.     Finally, and importantly, Fahrenheit Mechanical retained all delivered materials and corresponding invoices without return or revocation.

25.     Upon information and belief, Fahrenheit Mechanical received payment on the various Projects in part for the materials Ideal Supply delivered, but failed and refused to tender payment to Ideal Supply for the materials Ideal Supply provided.

26.     The total amount that Fahrenheit Mechanical owes Ideal Supply for its unpaid invoices for the Projects is $194,223.73.

27.     The total amount of interest due on Ideal Supply's unpaid invoices is $34,532.89. (*See* Ex. 6, Interest Chart.) The combined total due Ideal Supply from Fahrenheit Mechanical is $228,756.62, comprised of the amount in the unpaid invoices plus interest.

### *Ideal Supply's Quantum Meruit Claim*

28.     As set forth above, Ideal Supply supplied Fahrenheit Mechanical with certain plumbing supplies and materials for the various Projects at Fahrenheit Mechanical's request.

29.     Ideal Supply's plumbing supplies provided to Fahrenheit Mechanical enhanced the value of the Projects to the benefit of Fahrenheit Mechanical.

30.     The fair and reasonable value of the amount due and owing Ideal Supply from Fahrenheit Mechanical as reflected in Ideal Supply's unpaid invoices is $194,223.73.

31.     The total amount of interest due on Ideal Supply's unpaid invoices is $34,532.89. (*See* Ex 6, Interest Chart.)

32.     The combined total due Ideal Supply from Fahrenheit Mechanical is $228,756.62, comprised of the amount in the unpaid invoices plus interest.

33.     Fahrenheit Mechanical has been unjustly enriched, as it benefited from Ideal Supply's services supplying and furnishing various plumbing supplies and materials for which Fahrenheit Mechanical did not pay due compensation.

**WHEREFORE**, The Ideal Supply Company respectfully requests this Court grant its motion in full, together with such other and further relief the Court deems just.

*Tracy Bates*
TRACY BATES

## UNIFORM CERTIFICATE OF ACKNOWLEDGMENT

STATE OF NEW JERSEY
COUNTY OF HUDSON

On the 1st day of ~~March~~ April, in the year 2022, before me, the undersigned a Notary Public in and for said State, personally appeared Tracy Bates, who was personally known to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity, and that by his/her/their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

*Bethsaida Navarrete*
Notary Public

My Commission Expires: 12-16-2024



6

**EXHIBIT 3**

Case 1:23-01087-jmm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE IDEAL SUPPLY COMPANY, individually and on          Index No.: 152298/2021
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under
Article 3-A of the New York State Lien Law,                **JUDGMENT**

                        Plaintiff,

        -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   1.      WHEREAS, Plaintiff, The Ideal Supply Company, filed this action against, *inter*

*alia*, Defendants Fahrenheit Mechanical LLC, Fahrenheit Mechanical Inc. (together, the

"Fahrenheit Entities") and David Russi ("Russi") on March 5, 2021, as amended on March 19,

2021 and Russi did not respond by May 25, 2022 as required by the Court's conditional order

dated April 25, 2022 (the "April 2022 Conditional Order"), his Answer was automatically

stricken and Russi defaulted on Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action

for breach of contract in the amounts already determined by the Court in its April 2022

Conditional Order,

   NOW, upon motion of Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff The

Ideal Supply Company, it is

   ADJUDGED that Plaintiff The Ideal Supply Company, having an office and principal

place of business at 445 Communipaw Avenue, Jersey City, NJ 07304, recovers from Defendant

David Russi, having a last known address of 177 Benedict Road, Staten Island, New York, on

Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action, the sum of $228,756.62, plus

costs and disbursements as calculated by the Clerk of Court of $605.00, and statutory interest at

the rate of 9% per annum from the date of the April 25, 2022 Order to the date of entry of

judgment, for the combined amount of $229,361.62, and that Plaintiff have execution therefor.

Judgment signed this _____ day of June 2022.

_____
Clerk of New York County

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

Index No.: 152298/2021

**BILL OF COSTS**

Plaintiff,

-against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI, CONTINENTAL CASUALTY COMPANY, "JANE DOE #1" THROUGH "JANE DOE #10", AND FAHRENHEIT MECHANICAL INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COSTS OF PLAINTIFF

| | | |
|---|---|---|
| Costs for proceedings before note of issue filed | …………………………… | $200.00 |

## TAXABLE DISBURSEMENTS

| | | |
|---|---|---|
| Obtaining Index Number | …………………………… | $210.00 |
| Service | …………………………… | $55.00 |
| Request for Judicial Intervention | …………………………… | $95.00 |
| Motion Fee | …………………………… | $45.00 |

| | |
|---|---|
| **Disbursements:** | **$405.00** |
| **Total Costs and Disbursements:** | **$605.00** |

STATE OF NEW YORK

                        SS:

COUNTY OF NEW YORK                 ATTORNEY'S AFFIRMATION

The undersigned attorney at law of the State of New York, Adam A. Perlin, of counsel for Kaufman Dolowich & Voluck, LLP, attorneys of record for the plaintiff herein, states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount. The Undersigned affirms this statement to be true under the penalties of perjury.

Dated: June 1, 2022                  _____

                                              Adam A. Perlin, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on          Index No.: 152298/2021
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under        **AFFIRMATION**
Article 3-A of the New York State Lien Law,              **CONSTITUTING THE**
                                                        **DEFAULT**

               Plaintiff,

       -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STATE OF NEW YORK     )
                      ) ss.
COUNTY OF NASSAU     )

       ELIZABETH V. MARCHIONNI, an attorney duly admitted to practice law in the State

of New York hereby affirms as follows under the penalties of perjury:

       1.      I am a partner of Kaufman Dolowich & Voluck, LLP, attorneys for The Ideal

Supply Company ("Ideal Supply" or "Plaintiff"), the plaintiff in the above-captioned matter.  I

am fully familiar with all of the facts and circumstances herein and have personal knowledge of

the facts supporting the statements contained herein.

       2.      I submit this affirmation pursuant to CPLR § 3215(a) in support of Plaintiff's

proposed judgment against Defendant David Russi ("Russi") based on Russi's default under the

Court's Conditional Order dated April 25, 2022 (the "April 2022 Conditional Order") striking

Russi's Answer.  (The April 2022 Conditional Order, NYSCEF Doc. No. 42.)

3. Plaintiff commenced this action on March 5, 2021, by filing a Summons and Verified Complaint against, *inter alia*, Defendants Fahrenheit Mechanical, LLC, Fahrenheit Mechanical, LLC, and Russi, as amended on March 19, 2021.  (A copy of the Summons and Verified Complaint and Amended Verified Complaint are annexed to this application as Exhibit 1.)

4. The affidavit of the facts constituting the claim and the amount due are set forth in the Affidavit of Tracy Bates dated April 1, 2022 (NYSCEF Doc No. 18), which is fully incorporated herein and is annexed to this application as Exhibit 2.

5. In the Court's April 2022 Conditional Order, the Court severed Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action for breach of contract as to Russi and directed the clerk of court to enter judgment in favor of Plaintiff as against the Fahrenheit Entities in the amount of $194,223.73, plus statutory interest calculated through March 21, 2022 pursuant to GBL § 567-b thereon in the amount of $34,532.89, for a combined sum of $228,756.62, together with an award of costs and disbursements. (NYSCEF Doc. No. 42.)

6. Judgment was entered against the Fahrenheit entities on May 9, 2022.  (NYSCEF Doc. No. 46.)

7. Further in its April 2022 Conditional Order, the Court ordered stricken Russi's answer, unless, within 30 days from service of a copy of the April 2022 Conditional Order with notice of entry, *i.e.*, on or before May 25, 2022, Russi responded to Plaintiff's discovery demands.  (NYSCEF Doc. No. 42.)

8. As Russi failed to respond in any way to Plaintiff's discovery demands, his Answer was automatically stricken, and Russi defaulted on Plaintiff's Second, Fifth, Sixth, and

Seventh Causes of Action for breach of contract in the amounts already determined by the Court in its April 2022 Conditional Order.

9.      The default judgment sought is for a sum certain, already established by the Court.

10.     No prior application for this relief has been requested, except as set forth herein.

**WHEREFORE, Plaintiff** respectfully requests the Clerk of Court enter a default judgment against Defendants in the amount in the amount of $194,223.73, plus statutory interest calculated through March 21, 2022 pursuant to GBL § 567-b thereon in the amount of $34,532.89, for a combined sum of $228,756.62, together with an award of costs and disbursements as calculated by the Clerk of Court.

Dated: Woodbury, New York
       June 1, 2022

_____
ELIZABETH V. MARCHIONNI

3

# EXHIBIT 1

Case 1:23-0108-jmm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical Inc., under Article 3-A of the New York State
Lien Law,

                        Plaintiff,

      -against-

FAHRENHEIT MECHANICAL INC., DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
AND "JANE DOE #1" THROUGH "JANE DOE #10",

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:
Date Purchased:

## SUMMONS

Plaintiff designates New York
County as the place for trial.

The basis for venue is Defendant's
residence.

To the above-named Defendant(s):

      YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and

to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a

notice of appearance upon the Plaintiff's attorney within twenty (20) days after the service of this

Summons, exclusive of the day of service (or within thirty (30) days after the service is complete

if this Summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Verified Complaint.

Dated: Woodbury, New York
       March 5, 2021

                           KAUFMAN DOLOWICH & VOLUCK, LLP
                           *Attorneys for Plaintiff The Ideal Supply Company*

                    By: _____
                        Erik A. Ortmann, Esq.
                        Elizabeth V. Marchionni, Esq.
                        135 Crossways Park Drive, Suite 201
                        Woodbury, New York 11797
                        (516) 681-1100

DEFENDANT'S ADDRESS:

FAHRENHEIT MECHANICAL INC
120 Broadway, 36th Floor
New York, New York 10271

DAVID RUSI
c/o FAHRENHEIT MECHANICAL INC
120 Broadway, 36th Floor
New York, New York 10271

CONTINENTAL CASUALTY COMPANY
C/O NYS DEPARTMENT OF FINANIAL SERVICES
333 S. Wabash Ave,
Chicago, IL 60604

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly           Index No.:
situated entitled to share funds received by Fahrenheit
Mechanical Inc., under Article 3-A of the New York State
Lien Law,                                                          **VERIFIED COMPLAINT**

                              Plaintiff,

            -against-

FAHRENHEIT MECHANICAL INC., DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
AND "JANE DOE #1" THROUGH "JANE DOE #10",

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), by and through its

attorneys, Kaufman Dolowich & Voluck, LLP, as and for its Verified Complaint against

Defendant, Fahrenheit Mechanical Inc. ("Fahrenheit") and defendant (collectively "Defendants"),

alleges as follows:

     1.     At all relevant times, Ideal Supply was and/or is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey and authorized

to conduct business in the State of New York.

     2.     That upon information and belief, at all times hereinafter mentioned, Defendant

Fahrenheit was/is a domestic corporation duly organized and existing under and by virtue of the

laws of the State of New York with a principal office located at 120 Broadway, 36th Floor, New

York, New York.

     3.     Upon information and belief, defendant David Rusi is and was at all times

hereinafter mentioned, principal, officer and/or owner of Defendant Fahrenheit.

4.　　　Upon information and belief Continental Casualty Company is an insurance company authorized to do business in the State of New York, with a principal place of business located at 151 North Franklin Street, Chicago, Illinois.

5.　　　Upon information and belief, defendants "Jane Doe "#1" through Jane Doe "#10" are fictitious names of individuals, their true names being unknown to Plaintiff, but are persons intended to be either members, managers, or member managers of Fahrenheit or are persons who received funds for the improvement of real property further described herein in trust for the Plaintiff under the provisions of New York Lien Law Article 3-A, and have either converted said trust funds or diverted same and/or applied or consented to the application of said trust funds for purposes other than allowed trust purposes as specified in Section 71 of the Lien Law.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract – Vesey Street Project)

6.　　　Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "5" as if fully set forth herein.

7.　　　Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 230 Vesey Street, New York, New York 10000 ("Vesey Street Project").

8.　　　Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for Vesey Street Project in the agreed upon price of $3,694.28.

9.　　　Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $3,694.28.

10.　　As of August 9, 2020, a balance of $3,694.28 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Vesey Street Project.

2

11. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $3,694.28, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract – Manhattan West Project)

12. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "11" as if fully set forth herein.

13. Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at 1 Manhattan West, New York (the "Manhattan West Project").

14. Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Manhattan West Project in the agreed upon price of $144,635.83.

15. Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $144,635.83 for materials furnished for the Manhattan West Project.

16. As of December 9, 2020, a balance of $144,635.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Manhattan West Project.

17. Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $144,635.83, plus contractual interest thereon at the rate of 1.5% per month.

## AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract – Hammel Houses Project)

18. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "17" as if fully set forth herein.

3

19.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials for a public improvement known as Hammel Houses owned by New York City Housing Authority and located in Queens, New York (the "Hammel Houses Project").

20.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Hammel Houses Project in the agreed upon price of $17,711.83.

21.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $17,711.83.

22.     As of December 10, 2020, a balance of $17,711.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Hammel Houses Project.

23.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due and Plaintiff is entitled to a judgment in the amount of $17,711.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Payment Bond Claim Against Continental Casualty Company– Hammel Houses)

24.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "23" as if fully set forth herein.

25.     Continental Casualty Company, as surety, issued a Labor and Material Payment Bond No. 30038701 (the "Bond"), in the principal sum of $139,222,000 for the befit of the Hammel Houses Project, pursuant to State Finance Law Section 137. A copy of the Bond is annexed hereto as **Exhibit "1"**.

26.     Pursuant to the Bond, Continental Casualty Company bound itself to promptly pay all persons having claims for materials supplied to the Project, among others.

4

27.     The materials supplied by Plaintiff to Fahrenheit Mechanical under the Hammel

Houses Project purchase orders were provided for, and reasonably required for use in the

performance of, the Project.

28.     Plaintiff has not been paid in full for said material in the sum of $17,711.83.

29.     Within the applicable period, Plaintiff duly provided notice under the Bond of its

claim for sums due for materials supplied to the Hammel Houses Project.

30.     Plaintiff has complied with all requirements of the Bond.

31.     Continental Casualty Company is liable under the Bond for all sums due and owing

Plaintiff for its material supplied to the Hammel Houses Project.

32.     Continental Casualty Company has failed to make payment to Plaintiff for the value

of the material supplied to the Hammel Houses Project for which it remains unpaid.

33.     By reason of the foregoing, Plaintiff is entitled to a judgment against Continental

Casualty Company and the Bond in the amount of $17,711.83, plus interest and reasonable

attorney's fees pursuant to State Finance Law Section 137.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Breach of Contract – Pier 57 Project)

34.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1"

through "33" as if fully set forth herein.

35.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby

Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the

private improvement located at Pier 57, New York, New York (the "Pier 57 Project").

36.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for

the Pier 57 Project in the agreed upon price of $45,831.85.

37.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $45,831.85.

38.     As of September 30, 2020, a balance of $45,831.85 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Pier 57 Project.

39.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $45,831.85, plus contractual interest thereon at the rate of 1.5 percent per month.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of Contract – Varick Street Project)

40.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "39" as if fully set forth herein.

41.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 201 Varick Street, New York, New York (the "Varick Street Project").

42.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Varick Street Project in the agreed upon price of $18.90. Despite Plaintiff's performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $18.90.

43.     As of July 16, 2020, a balance of $18.90 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished for the Varick Street project.

44.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $18.90, plus contractual interest thereon at the rate of 1.5 Percent per month.

6

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

## AS AND FOR A SEVENTHCAUSE OF ACTION
(Breach of Contract – La Guardia Airport Project)

45.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "44" as if fully set forth herein.

46.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the public improvement known as La Guardia Airport located in East Elmhurst, New York (the "La Guardia Airport Project").

47.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the La Guardia Airport Project in the agreed upon price of $47.87.

48.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $47.87.

49.     As of May 21, 2020, a balance of $42.87 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the La Guardia Airport Project.

50.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $47.87, plus contractual interest thereon at the rate of 1.5% per month.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Account Stated against Defendant Fahrenheit)

51.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "50" as if fully set forth herein.

52.     Plaintiff supplied Defendant Fahrenheit with certain plumbing supplies and materials at Defendant's request.

53.     Plaintiff sent and Defendant Fahrenheit received various invoices for the plumbing supplies and materials furnished by Plaintiff.

54.     On or about January 21, 2021, Plaintiff sent, and Defendant Fahrenheit received an account statement of all outstanding invoices past due and owing to Plaintiff by Defendant Fahrenheit.

55.     Defendant Fahrenheit retained and accepted and did not object to any invoice or account statement provided by Plaintiff.

56.     Upon information and belief, Defendant Fahrenheit has failed to remit payment to Plaintiff under the past due invoices or accounting statement. The amount outstanding and due from Defendant Fahrenheit amount to the sum of $211,935.56, plus contractual interest thereon at a rate of 1.5% per month.

## AS AND FOR A NINTH CAUSE OF ACTION
(Unjust Enrichment/*Quantum Meruit*)

57.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "5" as if set forth herein.

58.     Plaintiff furnished Defendant Fahrenheit with certain plumbing supplies and materials at Defendant Fahrenheit's request.

59.     Plaintiff's plumbing supplies provided to Defendant Fahrenheit did enhance the value of the Projects to the benefit of the Defendant Fahrenheit and others.

60.     The fair and reasonable value of the amount still outstanding and due from Defendant Fahrenheit for the Projects in excess of $211,935.56.

61.     Defendant Fahrenheit has been unjustly enriched by Plaintiff having supplied and furnished various plumbing supplies and materials without due compensation.

8

62. Despite due demand therefor, Defendant Fahrenheit has failed to pay Plaintiff in the sum of $211,935.56 and Plaintiff is entitled to a judgment in the amount of $211,935.56, plus statutory interest thereon or in the alternative, *quantum meruit* against Defendant Fahrenheit for the materials supplied by Plaintiff for its various Projects.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

(Lien Law Art. 3-A Trust Diversion)

63. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "62" as if set forth herein.

64. The funds received by Fahrenheit Mechanical from the various owners/construction managers or otherwise constituted trust funds within the meaning of Article 3-A of the Lien Law and were and are required to be held and applied for the payment of the costs and expenditures for the improvement of the foregoing Project prior to being used for any other purpose.

65. Upon information and belief, Fahrenheit and/or David Rusi, as its principal responsible for the administration of Project funds (hereinafter together referred to as the "Trustees"), have converted or been the recipients of converted trust funds, or diverted same, and/or applied or consented to the application of trust funds for purposes other than those allowed by Article 3-A of the Lien Law.

66. On or about February 2, 2021, Plaintiff served a demand on Fahrenheit and David Rusi, pursuant to Section 76 of the Lien Law seeking an accounting of the trust funds.

67. To date, no response or accounting has been provided by Trustees to Plaintiff.

68. Upon information and belief, the Trustees have failed to maintain trust accounting books and records as required by law and, as such, a presumption that said Trustees has misapplied or diverted, and/or consented to the misapplication and/or diversion of trust funds arises.

9

69.    Upon information and belief, Trustees have transferred said trust funds or permitted the transfer of said funds to their own accounts and to other transferees, Jane Does #1 through #10, the names of which are unknown at this time.

70.    Upon information and belief, said transferees were not furnishers of labor, materials or supplies for the improvement of the subject real property and were not trust beneficiaries of the funds received by Trustees from the owner/construction manager, or other beneficiaries under Article 3-A of the Lien Law.

71.    In addition to Plaintiff, there may be other contractors, materialmen and suppliers who furnished labor and materials for the improvement of the Projects such as named lienor defendants, the existence, nature, extent and correctness of whose claims are not presently known.

72.    Upon information and belief, the Trustees' diversion was committed with the intent to deprive Plaintiff and other potential beneficiaries of trust funds.

73.    This cause of action is brought as a class action under Article 3-A of the Lien Law.

74.    Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff The Ideal Supply Company, hereby demands judgment:

(a)    On the First Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $3,694.28 plus contractual interest at the rate of 1.5 Percent from August 9, 2020 thereon;

(b)    On the Second Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $144,635.83 plus contractual interest at the rate of 1.5 Percent from December 9, 2020 thereon;

10

(c)     On the Third Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $17,711.83 plus contractual interest at the rate of 1.5 Percent from December 10, 2020 thereon;

(d)     On the Fourth Cause of Action, judgment against Defendant Continental Casualty Insurance Company and the Bond in in favor of Plaintiff, in an amount of $17,711.83 plus interest and reasonable attorney's fees;

(e)     On the Fifth Cause of Action judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $45,831.85 plus contractual interest at the rate of 1.5 Percent from September 30, 2020 thereon;

(f)     On the Sixth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $18.90 plus contractual interest at the rate of 1.5 Percent from July 16, 2020 thereon;

(g)     On the Seventh Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $42.87 plus contractual interest at the rate of 1.5 Percent from May 21, 2020 thereon;

(h)     On the Eighth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $211,935.56, together with statutory interest thereon, from January 21, 2021 and the costs and disbursement of this action.

(i)     On the Ninth Cause of Action, judgment against Fahrenheit Mechanical Inc., in favor of Plaintiff, in the amount of $211,935.56, together with statutory interest thereon and the costs and disbursement of this action; and

(j)     On the Tenth Cause of Action against Defendant Fahrenheit Mechanical Inc., David Rusi and/or Jane Does #1 through #10 as follows:

11

i. declaring that Defendants Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 are trustees of the payments received on the Project, and that Plaintiff and all others who may join in this action, be adjudged to have a claim thereon for the amount of their respective claims with prejudgment interest;

ii. compelling Defendants Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose all transactions with reference to the improvement hereinbefore described, including a statement of all monies held or paid on account thereof, and to whom paid and the dates of such payments;

iii. compelling Defendants Fahrenheit Mechanical Inc., David Rusi and Jane Does #1 through #10 to disclose, account for and pay over all sums of money held or received by each on account of said improvement, and account for the disposition of any such sums of money disposed of, and also the place or places, property and assets of every kind and nature into which the said sums or any part thereof have been placed;

iv. adjudging and determining that Plaintiff have a money judgment against all aforesaid Defendants on behalf of itself and all other labor and material suppliers similarly situated, and declaring that a trust has been created against the Defendants herein for the sum of $211,935.56 on behalf of Plaintiff and in an additional amount to be determined at trial for the amount determined to be due from the Defendants to all other labor and material suppliers similarly situated who join in this action by reason of the diversion and breach of the provisions of Article 3-A of the Lien Law, with prejudgment interest;

12

v.   that this Court take such proceedings as may be necessary to bring before it
     and under its control all such trust funds and all property of every type and
     nature into which the same may have been diverted, and distribute the same
     among all parties and person entitled thereto;

vi.  for its reasonable attorneys' fees and the costs and disbursements of this
     action;

vii. for punitive damages in the sum of $1,000,000;

viii. awarding Plaintiff the costs of this action, including reasonable attorneys' fees
      and expenses, expert's fees and other disbursements; and

(k)  Plus interest, costs and disbursements in connection with this action, and such other

and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
       March 5, 2021

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Plaintiff The Ideal Supply Company*

By: _____

Erik A. Ortmann, Esq.
Elizabeth V. Marchionni, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

13

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NASSAU     )

ERIK A. ORTMANN, being duly sworn, deposes and says:

I am a partner with the law firm Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff The Ideal Supply Company. I have read the foregoing Summons and Complaint and know the contents therein to be true and the same is true to deponent's own knowledge and according to the books and papers of the Plaintiff, except as to matters thereon stated to be alleged upon information and belief, and as to this matters deponent believes them to be true.

This verification is made by deponent and not by the Plaintiff, because the Plaintiff does not reside nor maintain its office in the county where the deponent maintains his office. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are based upon a review of the facts, pleadings, and proceedings in this matter, as well as conversations with the Plaintiff and its employees.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Woodbury, New York
       March 5, 2021

                                             _____
                                             ERIK A. ORTMANN

Sworn to before me this
5th day of March, 2021

_____
Notary Public

ROSEANN KENNEDY
Notary Public, State of New York
No. 01KE4825968
Qualified in Nassau County
Commission Expires May 31, 2023

14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   Index No.: 152298/2021
THE IDEAL SUPPLY COMPANY, individually and on   Date Purchased: 3/5/21
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit   **SUPPLEMENTAL**
Mechanical LLC a/k/a Fahrenheit Mechanical, under   **SUMMONS**
Article 3-A of the New York State Lien Law,

Plaintiff designates New York
                    Plaintiff,   County as the place for trial.

       -against-   The basis for venue is Defendant's
                                         residence.
FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
To the above-named Defendant(s):

        YOU ARE HEREBY SUMMONED to answer the Amended Verified Complaint in this

action and to serve a copy of your answer, or, if same is not served with this Supplemental

Summons, to serve a notice of appearance upon the Plaintiff's attorney within twenty (20) days

after the service of this Summons, exclusive of the day of service (or within thirty (30) days after

the service is complete if this Summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the Amended Verified Complaint.

Dated: Woodbury, New York
        April 13, 2021

                              KAUFMAN DOLOWICH & VOLUCK, LLP
                              *Attorneys for Plaintiff The Ideal Supply Company*

                              By: _____
                                    Erik A. Ortmann, Esq.
                                    Elizabeth V. Marchionni, Esq.
                                    135 Crossways Park Drive, Suite 201
                                    Woodbury, New York 11797
                                    (516) 681-1100

**DEFENDANTS' ADDRESS:**

FAHRENHEIT MECHANICAL LLC
120 Broadway, 36th Floor
New York, New York 10271

DAVID RUSI
c/o FAHRENHEIT MECHANICAL INC.
120 Broadway, 36th Floor
New York, New York 10271

CONTINENTAL CASUALTY COMPANY
C/O NYS DEPARTMENT OF FINANIAL SERVICES
333 S. Wabash Ave,
Chicago, IL 60604

FAHRENHEIT MECHANICAL INC.
120 Broadway, 36th Floor
New York, New York 10271

2

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical., under
Article 3-A of the New York State Lien Law,

Index No.: 152298/2021

**AMENDED
VERIFIED COMPLAINT**

Plaintiff,

-against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY,
"JANE DOE #1" THROUGH "JANE DOE #10",
AND FAHRENHEIT MECHANICAL INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff The Ideal Supply Company ("Ideal Supply" or "Plaintiff"), by and through its

attorneys, Kaufman Dolowich & Voluck, LLP, as and for its Amended Verified Complaint against

defendants, Fahrenheit Mechanical LLC, Fahrenheit Mechanical Inc. ("Fahrenheit"), David Rusi,

Continental Casualty Company, and Jane Doe #1 through Jane Doe #10 (collectively

"Defendants"), alleges as follows:

1.      At all relevant times, Ideal Supply was and/or is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of Delaware and authorized to

conduct business in the State of New York.

2.      That upon information and belief, at all times hereinafter mentioned, Defendant

Fahrenheit Mechanical LLC was/is a domestic limited liability company duly organized and

existing under and by virtue of the laws of the State of New York with a principal office located

at 120 Broadway, 36th Floor, New York, New York.

1

3.     That upon information and belief, at all times hereinafter mentioned, Defendant

Fahrenheit Inc. ("Fahrenheit") was/is a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York with a principal office located at 120 Broadway,

36th Floor, New York, New York.

4.     Upon information and belief, defendant David Rusi is and was at all times

hereinafter mentioned, principal, officer and/or owner of Defendant Fahrenheit.

5.     Upon information and belief Continental Casualty Company is an insurance

company authorized to do business in the State of New York, with a principal place of business

located at 151 North Franklin Street, Chicago, Illinois.

6.     Upon information and belief, defendants "Jane Doe "#1" through Jane Doe "#10"

are fictitious names of individuals, their true names being unknown to Plaintiff, but are persons

intended to be either members, managers, or member managers of Fahrenheit or are persons who

received funds for the improvement of real property further described herein in trust for the

Plaintiff under the provisions of New York Lien Law Article 3-A, and have either converted said

trust funds or diverted same and/or applied or consented to the application of said trust funds for

purposes other than allowed trust purposes as specified in Section 71 of the Lien Law.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(Breach of Contract – Vesey Street Project)

7.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1"

through "6" as if fully set forth herein.

8.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby

Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private

improvement located at 230 Vesey Street, New York, New York 10000 ("Vesey Street Project").

9.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for

2

Case 1:23-01097-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

Vesey Street Project in the agreed upon price of $3,694.28.

10.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $3,694.28.

11.     As of August 9, 2020, a balance of $3,694.28 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Vesey Street Project.

12.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $3,694.28, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract – Manhattan West Project)

13.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "12" as if fully set forth herein.

14.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at 1 Manhattan West, New York, New York (the "Manhattan West Project").

15.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Manhattan West Project in the agreed upon price of $144,635.83.

16.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $144,635.83 for materials furnished for the Manhattan West Project.

17.     As of December 9, 2020, a balance of $144,635.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Manhattan West Project.

18.    Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $144,635.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract – Hammel Houses Project)

19.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "18" as if fully set forth herein.

20.    Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials for a public improvement known as Hammel Houses owned by New York City Housing Authority and located in Queens, New York (the "Hammel Houses Project").

21.    Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Hammel Houses Project in the agreed upon price of $17,711.83.

22.    Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $17,711.83.

23.    As of December 10, 2020, a balance of $17,711.83 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Hammel Houses Project.

24.    Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due and Plaintiff is entitled to a judgment in the amount of $17,711.83, plus contractual interest thereon at the rate of 1.5 Percent per month.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Payment Bond Claim Against Continental Casualty Company– Hammel Houses)

25.    Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "24" as if fully set forth herein.

4

26.     Continental Casualty Company, as surety, issued a Labor and Material Payment Bond No. 30035701 (the "Bond"), in the principal sum of $139,222,000 for the befit of the Hammel Houses Project, pursuant to State Finance Law Section 137.  A copy of the Bond is annexed hereto as Exhibit "1".

27.     Pursuant to the Bond, Continental Casualty Company bound itself to promptly pay all persons having claims for materials supplied to the Project, among others.

28.     The materials supplied by Plaintiff to Fahrenheit Mechanical under the Hammel Houses Project purchase orders were provided for, and reasonably required for use in the performance of, the Project.

29.     Plaintiff has not been paid in full for said material in the sum of $17,711.83.

30.     Within the applicable period, Plaintiff duly provided notice under the Bond of its claim for sums due for materials supplied to the Hammel Houses Project.

31.     Plaintiff has complied with all requirements of the Bond.

32.     Continental Casualty Company is liable under the Bond for all sums due and owing Plaintiff for its material supplied to the Hammel Houses Project.

33.     Continental Casualty Company has failed to make payment to Plaintiff for the value of the material supplied to the Hammel Houses Project for which it remains unpaid.

34.     By reason of the foregoing, Plaintiff is entitled to a judgment against Continental Casualty Company and the Bond in the amount of $17,711.83, plus interest and reasonable attorney's fees pursuant to State Finance Law Section 137.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Contract – Pier 57 Project)

35.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "34" as if fully set forth herein.

36.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant Fahrenheit certain plumbing materials on its behalf to the private improvement located at Pier 57, New York, New York (the "Pier 57 Project").

37.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Pier 57 Project in the agreed upon price of $45,831.85.

38.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $45,831.85.

39.     As of September 30, 2020, a balance of $45,831.85 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the Pier 57 Project.

40.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $45,831.85, plus contractual interest thereon at the rate of 1.5 percent per month.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of Contract – Varick Street Project)

41.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "40" as if fully set forth herein.

42.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the private improvement located at 201 Varick Street, New York, New York (the "Varick Street Project").

43.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the Varick Street Project in the agreed upon price of $18.90. Despite Plaintiff's performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the foregoing purchase orders in the amount of $18.90.

6

44.     As of July 16, 2020, a balance of $18.90 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished for the Varick Street project.

45.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount to be determined at trial, but estimated to be at least $18.90, plus contractual interest thereon at the rate of 1.5 Percent per month.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Contract – La Guardia Airport Project)

46.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "45" as if fully set forth herein.

47.     Plaintiff and Defendant Fahrenheit entered into certain purchase order(s) whereby Plaintiff agreed to supply Defendant certain plumbing materials on its behalf to the public improvement known as La Guardia Airport located in East Elmhurst, New York (the "La Guardia Airport Project").

48.     Plaintiff duly furnished and Defendant Fahrenheit accepted plumbing materials for the La Guardia Airport Project in the agreed upon price of $47.87.

49.     Despite Plaintiff's complete performance, Defendant Fahrenheit failed to remit payment to Plaintiff under the aforementioned purchase orders in the amount of $47.87.

50.     As of May 21, 2020, a balance of $42.87 remains due and owed to Plaintiff from Defendant Fahrenheit for materials furnished to the La Guardia Airport Project.

51.     Despite due demand for, Defendant Fahrenheit has failed to pay Plaintiff all sums due to it and Plaintiff is entitled to a judgment in the amount of $47.87, plus contractual interest thereon at the rate of 1.5 Percent per month.

7

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Account Stated against Defendant Fahrenheit)

52.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "51" as if fully set forth herein.

53.     Plaintiff supplied Defendant Fahrenheit with certain plumbing supplies and materials at Defendant's request.

54.     Plaintiff sent and Defendant Fahrenheit received various invoices for the plumbing supplies and materials furnished by Plaintiff.

55.     On or about January 21, 2021, Plaintiff sent, and Defendant Fahrenheit received an account statement of all outstanding invoices past due and owing to Plaintiff by Defendant Fahrenheit.

56.     Defendant Fahrenheit retained and accepted and did not object to any invoice or account statement provided by Plaintiff.

57.     Upon information and belief, Defendant Fahrenheit has failed to remit payment to Plaintiff under the past due invoices or accounting statement. The amount outstanding and due from Defendant Fahrenheit amount to the sum of $211,935.56, plus contractual interest thereon at a rate of 1.5 Percent per month.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Unjust Enrichment/*Quantum Meruit*)

58.     Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "57" as if set forth herein.

59.     Plaintiff furnished Defendant Fahrenheit with certain plumbing supplies and materials at Defendant Fahrenheit's request.

8

60. Plaintiff's plumbing supplies provided to Defendant Fahrenheit did enhance the value of the Projects to the benefit of the Defendant Fahrenheit and others.

61. The fair and reasonable value of the amount still outstanding and due from Defendant Fahrenheit for the Projects in excess of $211,935.56.

62. Defendant Fahrenheit has been unjustly enriched by Plaintiff having supplied and furnished various plumbing supplies and materials without due compensation.

63. Despite due demand therefor, Defendant Fahrenheit has failed to pay Plaintiff in the sum of $211,935.56 and Plaintiff is entitled to a judgment in the amount of $211,935.56, plus statutory interest thereon or in the alternative, *quantum meruit* against Defendant Fahrenheit for the materials supplied by Plaintiff for its various Projects.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Lien Law Art. 3-A Trust Diversion)

64. Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "63" as if set forth herein.

65. The funds received by Fahrenheit Mechanical from the various owners/construction managers or otherwise constituted trust funds within the meaning of Article 3-A of the Lien Law were and are required to be held and applied for the payment of the costs and expenditures for the improvement of the foregoing Project prior to being used for any other purpose.

66. Upon information and belief, Fahrenheit and/or David Rusi, as its principal responsible for the administration of Project funds (hereinafter together referred to as the "Trustees"), have converted or been the recipients of converted trust funds, or diverted same, and/or applied or consented to the application of trust funds for purposes other than those allowed by Article 3-A of the Lien Law.

9

67. On or about February 2, 2021, Plaintiff served a demand on Fahrenheit and David Rusi, pursuant to Section 76 of the Lien Law seeking an accounting of the trust funds.

68. To date, no response or accounting has been provided by Trustees to Plaintiff.

69. Upon information and belief, the Trustees have failed to maintain trust accounting books and records as required by law and, as such, a presumption that said Trustees has misapplied or diverted, and/or consented to the misapplication and/or diversion of trust funds arises.

70. Upon information and belief, Trustees have transferred said trust funds or permitted the transfer of said funds to their own accounts and to other transferees, Jane Does #1 through #10, the names of which are unknown at this time.

71. Upon information and belief, said transferees were not furnishers of labor, materials or supplies for the improvement of the subject real property and were not trust beneficiaries of the funds received by Trustees from the owner/construction manager, or other beneficiaries under Article 3-A of the Lien Law.

72. In addition to Plaintiff, there may be other contractors, materialmen and suppliers who furnished labor and materials for the improvement of the Projects such as named lienor defendants, the existence, nature, extent and correctness of whose claims are not presently known.

73. Upon information and belief, the Trustees' diversion was committed with the intent to deprive Plaintiff and other potential beneficiaries of trust funds.

74. This cause of action is brought as a class action under Article 3-A of the Lien Law.

75. Plaintiff has no adequate remedy at law.

10

**WHEREFORE**, Plaintiff The Ideal Supply Company, hereby demands judgment:

     (a)    On the First Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $3,694.28 plus contractual interest at the rate of 1.5 Percent from August 9, 2020 thereon;

     (b)    On the Second Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $144,635.83 plus contractual interest at the rate of 1.5 Percent from December 9, 2020 thereon;

     (c)    On the Third Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $17,711.83 plus contractual interest at the rate of 1.5 Percent from December 10, 2020 thereon;

     (d)    On the Fourth Cause of Action, judgment against Defendant Continental Casualty Insurance Company and the Bond in in favor of Plaintiff, in an amount of $17,711.83 plus interest and reasonable attorney's fees;

     (e)    On the Fifth Cause of Action judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $45,831.85 plus contractual interest at the rate of 1.5 Percent from September 30, 2020 thereon;

     (f)    On the Sixth Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $18.90 plus contractual interest at the rate of 1.5 Percent from July 16, 2020 thereon;

     (g)    On the Seventh Cause of Action, judgment against Defendant Fahrenheit Mechanical Inc., in favor of Plaintiff, in an amount of $42.87 plus contractual interest at the rate of 1.5 Percent from May 21, 2020 thereon;

11

(h)      On the Eighth Cause of Action, judgment against Defendant Fahrenheit Mechanical

Inc., in favor of Plaintiff, in an amount of $211,935.56, together with statutory

interest thereon, from January 21, 2021 and the costs and disbursement of this action.

(i)      On the Ninth Cause of Action, judgment against Defendant Fahrenheit

Mechanical Inc., in favor of Plaintiff, in the amount of $211,935.56, together with statutory

interest thereon and the costs and disbursement of this action; and

(j)      On the Tenth Cause of Action against Defendant Fahrenheit Mechanical Inc., David

Rusi and/or Jane Does #1 through #10 as follows:

     i.    declaring that Defendant Fahrenheit Mechanical Inc., David Rusi and Jane

         Does #1 through #10 are trustees of the payments received on the Project, and

         that Plaintiff and all others who may join in this action, be adjudged to have

         a claim thereon for the amount of their respective claims with prejudgment

         interest;

     ii.    compelling Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does

         #1 through #10 to disclose all transactions with reference to the improvement

         hereinbefore described, including a statement of all monies held or paid on

         account thereof, and to whom paid and the dates of such payments;

     iii.    compelling Defendant Fahrenheit Mechanical Inc., David Rusi and Jane Does

         #1 through #10 to disclose, account for and pay over all sums of money held

         or received by each on account of said improvement, and account for the

         disposition of any such sums of money disposed of, and also the place or

         places, property and assets of every kind and nature into which the said sums

         or any part thereof have been placed;

12

iv.   adjudging and determining that Plaintiff have a money judgment against all
      aforesaid Defendants on behalf of itself and all other labor and material
      suppliers similarly situated, and declaring that a trust has been created against
      the Defendants herein for the sum of $211,935.56 on behalf of Plaintiff and
      in an additional amount to be determined at trial for the amount determined
      to be due from the Defendants to all other labor and material suppliers
      similarly situated who join in this action by reason of the diversion and breach
      of the provisions of Article 3-A of the Lien Law, with prejudgment interest;

v.    that this Court take such proceedings as may be necessary to bring before it
      and under its control all such trust funds and all property of every type and
      nature into which the same may have been diverted, and distribute the same
      among all parties and person entitled thereto;

vi.   for its reasonable attorneys' fees and the costs and disbursements of this
      action;

vii.  for punitive damages in the sum of $1,000,000;

viii. awarding Plaintiff the costs of this action, including reasonable attorneys' fees
      and expenses, expert's fees and other disbursements; and

(k)   Plus interest, costs and disbursements in connection with this action, and such other
and further relief as this Court may deem just and proper.

[Signature Page To Follow]

13

Case 1:23-01097-jpm    Doc 16-14    Filed 07/19/24    Entered 07/19/24 16:42:58

Dated: Woodbury, New York
April 13, 2021

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Plaintiff The Ideal Supply Company*

By: _____

Erik A. Ortmann, Esq.
Elizabeth V. Marchionni, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

14

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss.
COUNTY OF NASSAU       )

ERIK A. ORTMANN, being duly sworn, deposes and says:

I am a partner with the law firm Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff The Ideal Supply Company. I have read the foregoing Amended Complaint and know the contents therein to be true and the same is true to deponent's own knowledge and according to the books and papers of the Plaintiff, except as to matters thereon stated to be alleged upon information and belief, and as to this matters deponent believes them to be true.

This verification is made by deponent and not by the Plaintiff, because the Plaintiff does not reside nor maintain its office in the county where the deponent maintains his office. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are based upon a review of the facts, pleadings, and proceedings in this matter, as well as conversations with the Plaintiff and its employees.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

_____
ERIK A. ORTMANN

Sworn to before me this
13th day of April, 2021

_____
Notary Public

Solomon Abramov
Notary Public, State of New York
No. 02AB6358691
Qualified in Queens County
Commission Expires May 15, 20 21

15

# EXHIBIT 2

Case 1:23-01167-jpm    Doc 16-14    Filed 07/19/24    Entered 07/19/24 16:42:50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE IDEAL SUPPLY COMPANY, individually and on          Index No.: 152298/2021
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under
Article 3-A of the New York State Lien Law,            **AFFIDAVIT IN SUPPORT**

                           Plaintiff,
                                                        Motion Seq. No. 1
           -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW JERSEY    )
                       )ss.
COUNTY OF HUDSON       )

        TRACY BATES, being duly sworn deposes and says:

        1.      I am the President of The Ideal Supply Company ("Ideal Supply" or "Plaintiff"),

plaintiff in the above-captioned matter.  I am fully familiar with the facts and circumstances set

forth herein based upon personal knowledge and as to those statements made upon information

and belief, I believe them to be true.

        2.      I respectfully submit this affidavit in support of Ideal Supply's motion seeking (i)

summary judgment against defendant Fahrenheit Mechanical Inc. and/or Fahrenheit Mechanical

LLC (together "Fahrenheit Mechanical") and (ii) to compel or preclude outstanding discovery

from Defendant David Rusi.

        3.      Ideal Supply is a certified woman-owned business entity ("WBE") in the business

of wholesale supplying specialty fitting and plumbing materials used in construction.

4.      Ideal Supply's claims arise from Fahrenheit Mechanical's non-payment for

certain construction materials ordered and accepted by Fahrenheit Mechanical from Ideal Supply

for use on various construction projects (collectively, the "Projects," and any specific project, a

"Project"), in the total outstanding sum of $194,223.73, plus interest of $34,532.89, for a

combined total of $228,756.62.

***Ideal Supply's Breach of Contract Claims***

5.      Fahrenheit Mechanical had been a customer of Ideal Supply's for a number of

years.

6.      Fahrenheit Mechanical is in the business of performing and providing mechanical

labor and material to private and public improvement projects in the New York City area.

7.      Ideal Supply and Fahrenheit Mechanical entered into purchase orders whereby

Ideal Supply agreed to supply Fahrenheit Mechanical with certain plumbing materials for the

Projects.

8.      The Projects for which Ideal Supply supplied Fahrenheit Mechanical various

materials for use and incorporation, and for which it remains outstanding in payment are limited

to the following:[1]

    a.  230 Vesey Street, New York, New York 100000 ("Vesey Street Project");

    b.  1 Manhattan West, New York, New York ("Manhattan West Project");

    c.  Pier 57 located at 25 11th Avenue, New York, New York ("Pier 57 Project");

    d.  201 Varick Street, New York, New York ("Varick Street Project"); and

    e.  LaGuardia Airport located in Flushing New York ("LaGuardia Project").

---

[1] The list of Projects excludes the following two projects listed in Ideal Supply's Amended Verified Complaint for which payment was received after the commencement of this Action: (i) the Sandy Recovery Program at Hammel Houses located at 85-2 Rockaway Beach Boulevard, Far Rockaway, New York 11693, and (ii) the Project at 47 Hall Street, Brooklyn, New York 11201.

2

9.    In furtherance of Fahrenheit Mechanical's agreements to perform work on the above referenced Projects, Fahrenheit Mechanical placed orders for certain plumbing-related materials with Ideal Supply between April 2020 and November 2020 as follows:

a.    Vesey Street Project – Seven (7) outstanding invoices totaling $3,694.28 (a summary chart along with copies of Vesey Street Project Invoices are attached hereto as **Exhibit "1"**);

b.    Manhattan West Project – Seventy One (71) outstanding invoices totaling $144,635.83 (a summary chart along with copies of Manhattan West Project Invoices are attached hereto as **Exhibit "2"**);

c.    Pier 57 Project – Fifty One (51) outstanding invoices totaling $45,981.13 (a summary chart along with copies of Pier 57 Project Invoices are attached hereto as **Exhibit 3"**);

d.    Varick Street Project – One outstanding invoice totaling $18.90 (a summary chart along with a copy of the Varick Street Project Invoice is attached hereto as **Exhibit "4"**); and

e.    LaGuardia Project - One outstanding invoice totaling $42.87 (a summary chart along with a copy of the LaGuardia Project Invoice is attached hereto as **Exhibit "5"**):

10.    By November 9, 2020, all materials ordered by Fahrenheit Mechanical were delivered to Fahrenheit Mechanical, picked up from Ideal Supply's shop facility by Fahrenheit Mechanical, or shipped directly to the appropriate Project, at Fahrenheit Mechanical's direction and request.

11.    Despite Ideal Supply completing performance on the Projects, Fahrenheit Mechanical failed to remit payment to Ideal Supply.

3

12.     The total amount that Fahrenheit Mechanical owes Ideal Supply for its unpaid
invoices for the Projects is $194,223.73.

13.     The total amount of interest due on Ideal Supply's unpaid invoices is $34,532.89.
(*See* Interest Chart attached hereto as **Exhibit "6."**)

14.     The combined total due Ideal Supply from Fahrenheit Mechanical is $228,756.62,
comprised of the amount in the unpaid invoices plus interest.

***Ideal Supply's Account Stated Claim***

15.     As set forth above, Ideal Supply supplied Fahrenheit Mechanical with certain
plumbing supplies and materials for the various Projects.

16.     It is Ideal Supply's standard practice to provide and deliver invoices for all
materials purchased and delivered to its customers, including Fahrenheit Mechanical.

17.     Ideal Supply provided copies of each invoice for materials purchased and
delivered to Fahrenheit Mechanical on the date of the invoice by regular mail.

18.     It is also Ideal Supply's standard practice to obtain a signature from the recipient
of its materials.

19.     In accordance with these practices, Ideal Supply sent invoices to Fahrenheit
Mechanical and obtained signatures from Fahrenheit of each delivery of its materials.  (Copies of
the signed receipts for the materials delivered to Fahrenheit Mechanical are attached hereto as
**Exhibits "1" through "5."**)

20.     Fahrenheit Mechanical accepted all materials and rejected none.

21.     Fahrenheit Mechanical also accepted all invoices for these materials without
objection or rejection.

22.     Ideal Supply also regularly sent monthly statements (the Statements") to Fahrenheit Mechanical by regular mail, none of which were returned or rejected for any reason. (Copies of the Statements sent to Fahrenheit Mechanical are attached hereto as **Exhibit "7."**)

23.     Since the inception of this lawsuit, partial payment on several invoices reflected in the last Statement were made on behalf of or by Fahrenheit Mechanical, and the total remaining sum due is accurately recited above.

24.     Finally, and importantly, Fahrenheit Mechanical retained all delivered materials and corresponding invoices without return or revocation.

25.     Upon information and belief, Fahrenheit Mechanical received payment on the various Projects in part for the materials Ideal Supply delivered, but failed and refused to tender payment to Ideal Supply for the materials Ideal Supply provided.

26.     The total amount that Fahrenheit Mechanical owes Ideal Supply for its unpaid invoices for the Projects is $194,223.73.

27.     The total amount of interest due on Ideal Supply's unpaid invoices is $34,532.89. (*See* Ex. 6, Interest Chart.) The combined total due Ideal Supply from Fahrenheit Mechanical is $228,756.62, comprised of the amount in the unpaid invoices plus interest.

*Ideal Supply's Quantum Meruit Claim*

28.     As set forth above, Ideal Supply supplied Fahrenheit Mechanical with certain plumbing supplies and materials for the various Projects at Fahrenheit Mechanical's request.

29.     Ideal Supply's plumbing supplies provided to Fahrenheit Mechanical enhanced the value of the Projects to the benefit of Fahrenheit Mechanical.

30.     The fair and reasonable value of the amount due and owing Ideal Supply from

Fahrenheit Mechanical as reflected in Ideal Supply's unpaid invoices is $194,223.73.

31.     The total amount of interest due on Ideal Supply's unpaid invoices is $34,532.89.

(*See* Ex 6, Interest Chart.)

32.     The combined total due Ideal Supply from Fahrenheit Mechanical is $228,756.62,

comprised of the amount in the unpaid invoices plus interest.

33.     Fahrenheit Mechanical has been unjustly enriched, as it benefited from Ideal

Supply's services supplying and furnishing various plumbing supplies and materials for which

Fahrenheit Mechanical did not pay due compensation.

**WHEREFORE**, The Ideal Supply Company respectfully requests this Court grant its

motion in full, together with such other and further relief the Court deems just.

*Tracy Bates*

TRACY BATES

## UNIFORM CERTIFICATE OF ACKNOWLEDGMENT

STATE OF NEW JERSEY
COUNTY OF HUDSON

On the 1ˢᵗ day of ~~March~~ *April*, in the year 2022, before me, the undersigned a Notary Public
in and for said State, personally appeared Tracy Bates, who was personally known to me or
provided to me on the basis of satisfactory evidence to be the individual(s) whose name is
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their capacity, and that by his/her/their signature on the instrument, the individual, or
the person upon behalf of which the individual acted, executed the instrument.

*Bethsaida Navarrete*

Notary Public

My Commission Expires: 12 - 16 - 2024

BETHSAIDA NAVARRETE
NOTARY PUBLIC OF NEW JERSEY
Commission # 501 16007
My Commission Expires 12/16/2024

6

Case 1:23-01087-jmm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:59

**EXHIBIT 4**

**Adam Perlin**

| | |
|---|---|
| **From:** | efile@nycourts.gov |
| **Sent:** | Friday, June 3, 2022 1:50 PM |
| **To:** | ctzifas@gmail.com; adiaz@travislawnyc.com; Erik Ortmann; crt@ctravislaw.com; ctzifas@semetislaw.com; ctravis@travislawnyc.com; jdeblase@travislawnyc.com; Elizabeth Marchionni; emarchio@gmail.com; Adam Perlin |
| **Subject:** | NYSCEF Alert: New York - Commercial - Other - <DOCUMENT RETURNED> 152298/2021 (THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical Inc... |

[EXTERNAL SENDER]



# New York County Supreme Court
## DOCUMENT RETURNED FOR CORRECTION
## 06/03/2022

The court has returned the documents listed below for correction.

**Reason for Returning:** There is no Judge's order presently uploaded that directs the clerk to enter a judgment against David Rusi. You cannot enter a judgment without one.

**Instructions - DO NOT FILE A NEW DOCUMENT:** To refile the documents, go to the Document List for this case and click the "Refile Document" link under each document.

## Case Information

Index #: **152298/2021**

Caption: **THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical Inc., under Article 3-A of the New York State Lien Law v. FAHRENHEIT MECHANICAL LLC et al**

eFiling Status: **Partial Participation Recorded**

Assigned Case Judge: **Lyle E. Frank**

## Documents Returned on 06/03/2022 01:49 PM

| Doc # | Document | Filed Date |
|---|---|---|
| 48 | JUDGMENT -TO COUNTY CLERK (PROPOSED)<br>Proposed Judgment , Bill of Costs and Attorney Affirmation | 06/01/2022 |

Case 1:23-01087-jpm   Doc 16-14   Filed 07/19/24   Entered 07/19/24 16:42:58

## E-mail Notifications Sent

| Name | Email Address |
|---|---|
| ELIZABETH MARCHIONNI | emarchionni@kdvlaw.com |
| CONSTANTINE TZIFAS | ctzifas@semetislaw.com |
| ERIK ORTMANN | eortmann@kdvlaw.com |
| CHRISTOPHER TRAVIS | ctravis@travislawnyc.com |
| ADAM PERLIN | aperlin@kdvlaw.com |

## Filing User

**ELIZABETH MARCHIONNI** | emarchionni@kdvlaw.com | 516-681-1100 | 135 Crossways Park Drive,  Suite 201, Woodbury, NY  11797

**NOTICE:** *This e-mail is intended only for the named recipient and for the purposes of the New York State Courts E-Filing System. If you are neither the intended recipient nor a person designated to receive messages on behalf of the intended recipient, notify the sender immediately.*

*If you are unsure of the contents or origin of this email, it is advised to NOT click on any links provided. Instead, log into your NYSCEF account to access the documents referred to in this email. Thank you.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

Index No.: 152298/2021

**ORDER**

                       Plaintiff,

      -against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI, CONTINENTAL CASUALTY COMPANY, "JANE DOE #1" THROUGH "JANE DOE #10", AND FAHRENHEIT MECHANICAL INC.,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Upon the motion of Plaintiff The Ideal Supply Company ("Plaintiff"), by its attorneys Kaufman Dolowich & Voluck LLP, filed on June 10, 2022 (the "Motion") for an Order pursuant to CPLR § 3215 for a default judgment against defendant David Rusi ("Defendant") for failure to comply with the Court's Conditional Order dated April 25, 2022 (the "April 2022 Conditional Order"), in the amount of $228,758.62, plus costs and interest from April 1, 2022; and upon the Affirmation of Elizabeth V. Marchionni, Esq. sworn to on June 10, 2022, and all the exhibits annexed thereto in support of the Motion, and upon all the pleadings and proceedings heretofore had in this action; and no written opposition to the Motion having been submitted by Defendant; and proper notice having been provided; sufficient cause having been shown therefor;

NOW, ON MOTION OF, attorneys of record for Plaintiff it is hereby

ORDERED that the Defendant is in default of the April 2022 Conditional Order; and it is further

ORDERED that Plaintiff's Motion be and the same hereby is granted as follows; and it is further;

ADJUDGED and ORDERED that the Clerk enter Judgment in favor of Plaintiff The Ideal Supply Company, having an office and principal place of business at 445 Communipaw Avenue, Jersey City, NJ 07304, against Defendant David Rusi, having a last known address of 177 Benedict Road, Staten Island, NY, in the sum of $228,758.62, with interest from April 1, 2022, together with costs and disbursements of this Action.

_____

Lyle E. Frank, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on
behalf of all lienors, claimants and creditors similarly
situated entitled to share funds received by Fahrenheit
Mechanical LLC a/k/a Fahrenheit Mechanical, under
Article 3-A of the New York State Lien Law,

Index No.:  152298/2021

**JUDGMENT**

Plaintiff,

-against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI,
CONTINENTAL CASUALTY COMPANY, "JANE DOE
#1" THROUGH "JANE DOE #10", AND FAHRENHEIT
MECHANICAL INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, Plaintiff, The Ideal Supply Company, filed this action against, *inter alia*,

Defendants Fahrenheit Mechanical LLC, Fahrenheit Mechanical Inc. (together, the "Fahrenheit

Entities") and David Russi ("Russi") on March 5, 2021, as amended on March 19, 2021 and

Russi did not respond by May 25, 2022 as required by the Court's conditional order dated April

25, 2022 (the "April 2022 Conditional Order"), his Answer was automatically stricken and Russi

defaulted on Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action for breach of contract

in the amounts already determined by the Court in its April 2022 Conditional Order,

NOW, upon motion of Kaufman Dolowich & Voluck LLP, attorneys for Plaintiff The

Ideal Supply Company, it is

ORDERED, ADJUDGED, AND DECREED that Plaintiff The Ideal Supply Company,

having an office and principal place of business at 445 Communipaw Avenue, Jersey City, NJ

07304, recovers from Defendant David Russi, having a last known address of 177 Benedict

Road, Staten Island, New York, on Plaintiff's Second, Fifth, Sixth, and Seventh Causes of

Action, the sum of $228,756.62, plus costs and disbursements as calculated by the Clerk of Court of $605.00, and statutory interest at the rate of 9% per annum from the date of the April 25, 2022 Order to the date of entry of judgment, for the combined amount of $229,361.62, and that Plaintiff have execution therefor.

       Judgment signed this _____ day of June 2022.

                      ENTER:        _____

                                          J.S.C.

                                _____

                                       Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE IDEAL SUPPLY COMPANY, individually and on behalf of all lienors, claimants and creditors similarly situated entitled to share funds received by Fahrenheit Mechanical LLC a/k/a Fahrenheit Mechanical, under Article 3-A of the New York State Lien Law,

Index No.:  152298/2021

**BILL OF COSTS**

Plaintiff,

-against-

FAHRENHEIT MECHANICAL LLC, DAVID RUSI, CONTINENTAL CASUALTY COMPANY, "JANE DOE #1" THROUGH "JANE DOE #10", AND FAHRENHEIT MECHANICAL INC.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COSTS OF PLAINTIFF**

Costs for proceedings before note of issue filed    ……………………………    $200.00

**TAXABLE DISBURSEMENTS**

Obtaining Index Number    ……………………………    $210.00

Service    ……………………………    $55.00

Request for Judicial Intervention    ……………………………    $95.00

Motion Fee    ……………………………    $45.00

**Disbursements:**    **$405.00**
**Total Costs and Disbursements:**    **$605.00**

STATE OF NEW YORK

                     SS:

COUNTY OF NEW YORK                  ATTORNEY'S AFFIRMATION

       The undersigned attorney at law of the State of New York, Adam A. Perlin, of counsel for Kaufman Dolowich & Voluck, LLP, attorneys of record for the plaintiff herein, states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount. The Undersigned affirms this statement to be true under the penalties of perjury.

Dated: June 10, 2022                         _____

                                   Adam A. Perlin, Esq.