# EXHIBIT 14

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE IDEAL SUPPLY COMPANY,                                Chapter 7

                           Plaintiff,             Adv. Pro. No. 1-23-01087-jmm
- against -

DAVID RUSI,
                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Federal Rules of Bankruptcy Procedure 7034 and Local Rule 7026-1, Creditor The Ideal Supply Company ("Ideal Supply"), by its attorneys, Kaufman Dolowich LLP, request that Debtor David Rusi (the "Debtor"), produce for inspection the following requested documents electronically or at the offices of Ideal Supply's counsel within thirty (30) days after receipt hereof.

## **INSTRUCTIONS**

Documents should be produced as they are kept in the usual course of business and shall be organized and labeled to correspond with the itemized requests. Documents responsive to these requests include all documents as defined and/or described below in the possession, custody or control of the Debtors, their agents, and/or representatives and all persons acting for the Debtors.

The Document Requests below are continuing in nature to the extent required by Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(e) of the Federal Rules of Civil Procedure.

With respect to any document for which the Debtors claim a privilege, the Debtors must identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the document by submitting a written statement which:

        (a)       describes the type of document (e.g.: letter, memo);

    (b)    identifies the author;

    (c)    specifies the date written and originated;

    (d)    identifies each person to whom the original or a copy was addressed or delivered; and

    (e)    identifies every other person who has ever had possession of the document.

If any requested document was ever in the possession, custody or control of the Debtors and has been lost or destroyed, the Debtors are requested to submit in lieu of each such document a written statement which:

    (a)    describes in detail the nature of the document and its contents;

    (b)    identifies the person who prepared or authored the document and, if applicable, the person or persons to whom the document was sent;

    (c)    specifies the date on which the document was prepared or transmitted; and

    (d)    specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction, and the persons requesting and performing the destruction.

## **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

(a) "Document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from originals) of any printed, typewritten, handwritten or otherwise recorded or graphic matter of whatever character, however produced or reproduced, whether or not now in existence, including but not limited to, contracts, files, agreements, administrative complaints, agency forms or questionnaires, correspondence, e-mails, telegrams, notes or sound recordings of any type of conversation, meeting or conference, memoranda, graphs, charts, inter-office communications, jottings, announcements, depositions, affidavits, photographs, motion pictures, studies, analyses, reports, summaries and results of investigations and tests, reviews, statistical records, ledgers,

books of account, vouchers, bank checks, handbooks, manuals, bank statements, audit reports and other statements, invoices, receipts, confirmations, computer-developed, stored or produced data, notebooks, desk calendars, appointment books, newspaper articles, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

(b) "Communications" means any contact, oral, written, or otherwise, direct or indirect, between two or more persons, including conversations, meetings, interviews, telephone calls, computer email messages, letters, or transmittals of documents, and includes a review by any person of documents under the custody, control, or supervision of another person.

(c) "Relating to" a given subject matter as used herein means a document or communication that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

(d) "and" as well as "or" shall be construed conjunctively as necessary in order to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

(e) Words in the singular include the plural, and words in the plural include the singular. "Each" and "any" are both singular and plural. Words in the past tense include the present, and words in the present tense include the past.

(f) "Identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address and the present or last known place of employment.

(g) "Identify," with respect to documents, means to give, to the extent known, the (i) type of document; (ii) general description of its contents; (iii) date of the document; (iv) author(s),

addressee(s) and recipient(s); (v) current custodian and/or location of the document; and (vi) to provide a copy of the document.

(h) "Concerning" means relating to, referring to, describing, evidencing or constituting.

(i) "Claim" means Claim No. 51 filed by Ideal Supply in this action on April 22, 2021 for an amount of $373,691.75.

(j) "Debtor" means the named Debtor identified in the Voluntary Petition filed on January 18, 2023.

(k) "Rusi" means individual Debtor David Rusi.

(l) "Ideal Supply" means Creditor The Ideal Supply Company.

(m) "Fahrenheit" means Fahrenheit Mechanical LLC, and/or any of its present or former officers, directors, shareholders, employees, partners, agents, representatives, consultants, experts, joint venturers, corporate parents, subsidiaries or affiliates, including Rusi.

(o) "Project(s)" means the following private and/or public improvement projects for which Fahrenheit and/or Rusi owes Ideal Supply for labor and/or materials provided:

    i. 230 Vesey Street, New York, New York;
    ii. 1 Manhattan West, New York, New York;
    iii. Pier 57 located at 25 11th Avenue, New York, New York;
    iv. 201 Varick Street, New York, New York; and
    v. LaGuardia Airport located in Flushing, New York.

(p) Unless otherwise indicated, Debtors are to produce all documents responsive to any request that were created between January 1, 2019 and the present.

**DOCUMENTS REQUESTED**

1. Produce copies of all written agreements between Ideal Supply and Fahrenheit, including any drafts, addenda, amendments, and modifications.

2. Produce copies of all purchase orders between Ideal Supply and Fahrenheit including any drafts, addenda, amendments, and modifications.

3. Produce a list or an inventory of all materials and goods purchased by Fahrenheit from Ideal Supply in connection with the Projects.

4. Produce any documents indicating the date and location of delivery by Ideal Supply or pickup of said materials or goods by Fahrenheit, including but not limited to any bill of lading or delivery tickets.

5. Produce any documents concerning a rejection or return of materials or goods from Ideal Supply by Fahrenheit.

6. Produce copies of all communications between Ideal Supply and Fahrenheit, including correspondence, call logs, and emails.

7. Produce copies of all communications between Ideal and Rusi, including correspondence, call logs, and emails.

8. Produce copies of all invoices Fahrenheit received from Ideal Supply.

9. Produce copies of all payments provided to Ideal Supply by or on behalf of Fahrenheit.

10. Produce copies of all statements of account Fahrenheit received from Ideal Supply.

11. Produce copies of any invoice or requisition for payment submitted by Fahrenheit on any of the Projects, for which Fahrenheit sought compensation for materials supplied by Ideal Supply.

12. Produce copies of any bonds furnished by Fahrenheit to the Projects.

13. Produce copies of any bonds within Fahrenheit's possession which were furnished by others on any of the Projects.

14. Produce copies of Fahrenheit's trust fund records for each Project, required to be

maintained pursuant to New York State Lien Law Art. 3-A.

15. Produce a list of all vendors or subcontractors used by Fahrenheit on each of the Projects.

16. Produce copies of all payments received by Fahrenheit on each of the Projects, by whatever means.

17. Produce copies of all payments made by or on behalf of Fahrenheit to any trust beneficiary, including Ideal Supply, on each of the Projects.

18. Produce copies of all payments made by or on behalf of Fahrenheit for any trust expenditure under New York State Lien Law § 71(2) on each of the Projects.

19. Produce copies of any liens filed by Fahrenheit on any of the Projects.

20. Produce a copy of Fahrenheit's organizational chart in 2018, 2019 and 2020.

21. Produce copies of any banking resolution made by Fahrenheit, from the date of its formation to the present.

22. Produce copies of any corporate resolutions made by Fahrenheit in 2018, 2019 or 2020.

23. Produce copies of any K-1 issued by Fahrenheit for years 2018, 2019 and 2020.

24. Produce a copy of Fahrenheit's bank signature card or other correspondence indicating the authorized signatory(ies) on any bank account used by Fahrenheit.

Dated: Woodbury, New York  Kaufman Dolowich, LLP
December 11, 2023  *Attorneys for Creditor*
　　　　　　　　　　　　　　　　　　　　　*The Ideal Supply Company*

By: _____
Erik A. Ortmann, Esq.
Adam A. Perlin, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11979
(516) 681-1100