# EXHIBIT 18



Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Adam A. Perlin, Esq.
aperlin@kaufmandolowich.com

February 1, 2024

**VIA EMAIL**
John Macron, Esq.
491 Bard Avenue
Staten Island, NY 10310

    *Re:*    **The Ideal Supply Company v. Rusi**
           **Adv. Pro. No. 1-23-01087-jmm**

Dear John:

      We reviewed David Rusi ("Defendant")'s responses received on January 30, 2024, responding to The Ideal Supply Company ("Ideal")'s discovery requests dated December 11, 2023. The deadline for Defendant to respond was January 11, 2024.

      Ideal's document requests generally seek documents and information concerning alleged trust diversion by Fahrenheit Mechanical LLC ("Fahrenheit") on five separate projects (the "Projects") for which Ideal provided labor and/or materials to Fahrenheit. Ideal sought, *inter alia*, Fahrenheit's trust fund records for the Projects, documents related to payments Fahrenheit received on the Projects, and documents related to payments made by or on behalf of Fahrenheit on the Projects.

      In response, Defendant provided *only* (i) copies of Goldman Sachs Trust statements for Defendant's irrevocable trust and (ii) Chase bank statements for Fahrenheit already in Ideal's possession. Defendant acknowledged that many of these documents were already in Ideal's possession. More troubling, Defendant failed to provide *any* of the financial documents from Fahrenheit that would actually establish whether Fahrenheit diverted trust funds.

      Defendant similarly failed to provide any trust accounting documents in response to Ideal's separate Demands for Verified Statements (the "Demands"). A separate trust is created for each construction project, and Fahrenheit as trustee was required to maintain separate books and records for each construction project. New York Lien Law §§ 70(2), 75. Fahrenheit was required to respond to these Demands by December 24, 2023. As Fahrenheit failed to timely respond, Ideal, in good faith, extended Fahrenheit's time to respond to January 19, 2024.

      Defendant's statement more than ten days past the extended deadline that he is "trying to locate" information responsive is, simply put, insufficient. Fahrenheit's failure to maintain the statutorily required books and records provides presumptive evidence that it applied or consented to the application of trust funds for purposes other than a proper trust expenditure. *See Medco Plumbing, Inc. v. Sparrow Constr. Corp.*, 22 A.D.3d 647, 648-49 (2d Dep't 2005). It is also well settled that as an officer and principal of Fahrenheit, Defendant may be held personally liable to Ideal for the diversion of trust funds. *See Holt Constr. Corp. v. Grand Palais, LLC*, 108 A.D. 3d 593, 597 (2d Dep't 2013).

*John Macron, Esq.*
*February 1, 2024*
*Page 2 of 2*

      We hereby demand that Defendant correct the aforementioned deficiencies within ten (10) days of the date of this letter.

                                       Sincerely,
                                       KAUFMAN DOLOWICH LLP

By:

                                       Adam A. Perlin, Esq.