# EXHIBIT 22

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                      Chapter 7

    DAVID RUSI,                                                         Case No.: 23-40150-JMM

                        Debtor.                                        Adv. Pro. No.:
------------------------------------------------------------------------x
THE IDEAL SUPPLY COMPANY,

                        Plaintiff,

         v.

DAVID RUSI,

                        Defendant.
------------------------------------------------------------------------x

       Plaintiff The Ideal Supply Company ("Ideal Supply" or "Plaintiff") by way of this adversary complaint against defendant David Rusi ("Defendant") hereby states as follows:

## Jurisdiction and Venue

       1.      On January 18, 2023, Defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

       2.      This adversary proceeding asserts a claim against Defendant for trust fund diversion under Article 3-A of the New York Lien Law (the "Lien Law").

       3.      This adversary proceeding is also brought to object to the bankruptcy discharge of Defendant with regard to the dischargeability of Plaintiff's claims against Defendant for trust fund diversion under Article 3-A of the Lien Law pursuant to Bankruptcy Rules §§ 4004(d), 7001(4), and 7001(6).

4. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding relates to the Chapter 11 case of Defendant, Case No. 23-40150, now pending in the United States Bankruptcy Court for the Eastern District of New York.

6. This Court has personal jurisdiction over Defendant pursuant to Bankruptcy Rule § 7004(f).

7. Venue is proper pursuant to 28 U.S.C. § 1409.

8. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

### The Parties

9. That Plaintiff was and is a business corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business in the county of Bergen.

10. That Plaintiff conducts business as a supplier of commercial pipe, valves, fittings, and supplies in the New York/New Jersey metropolitan area for both private and public construction projects.

11. That upon information and belief, Defendant is an individual who resides in the State of New York.

12. That upon information and belief, Defendant is the principal, officer, and/or owner of non-party Fahrenheit Mechanical, LLC ("Fahrenheit").

13. That Fahrenheit conducted business as a mechanical contractor in connection with commercial construction projects in and around the City of New York.

## AS AND FOR A FIRST CLAIM
### (Diversion of Trust Funds – Lien Law Article 3-A)

14. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "13" above, as if the same were fully set forth at length herein.

15. That Fahrenheit, as mechanical subcontractor, entered into construction subcontracts with general contractors (the "General Contractors") in connection with construction projects performed at the following five (5) locations (collectively, the "Fahrenheit Projects"):

     i. 230 Vesey Street, New York, New York;
     ii. 1 Manhattan West, New York, New York;
     iii. Pier 57 located at 25 11th Avenue, New York, New York;
     iv. 201 Varick Street, New York, New York; and
     v. LaGuardia Airport Flushing, New York.

16. That Plaintiff thereafter entered into several separate purchase orders with Fahrenheit (the "Fahrenheit Purchase Orders"), whereby Plaintiff agreed to furnish certain plumbing supplies and materials and other equipment necessary for work performed by Fahrenheit at certain of the Fahrenheit Projects, and Fahrenheit agreed to pay Plaintiff its applicable rates and prices for the same.

17. That pursuant to the Fahrenheit Purchase Orders, Plaintiff did provide Fahrenheit with plumbing supplies and materials under the Fahrenheit Purchase Orders in connection with the Fahrenheit Projects.

18. That Plaintiff has performed and fully complied with all of its obligations to Fahrenheit under the Fahrenheit Purchase Orders.

19. That upon information and belief, from time to time, Defendant and/or Fahrenheit requested and received various progress payments from the General Contractors on the

Fahrenheit Projects for and on account of the plumbing supplies and materials furnished by Plaintiff at the Fahrenheit Projects under the Fahrenheit Purchase Orders.

20. That despite Fahrenheit being fully paid for the same, Fahrenheit failed to pay Plaintiff the total sum of, at least, $234,073.77 for the plumbing supplies and materials furnished by Plaintiff in connection with the Fahrenheit Projects.

21. That pursuant to Article 3-A of the Lien Law, the monies so received by Defendant and/or Fahrenheit constituted trust funds, which were required to be held by Defendant and Fahrenheit in trust and used only for the purpose of paying for the labor, materials, equipment, and services furnished on behalf of Fahrenheit at certain of the respective Fahrenheit Projects.

22. Pursuant to Article 3-A of the Lien Law, Defendant and Fahrenheit were and are Lien Law trustees and fiduciaries of the trust funds Fahrenheit received from the General Contractors of the Fahrenheit Projects on account of the plumbing supplies and materials furnished by Plaintiff.

23. That pursuant to Article 3-A of the Lien Law, Plaintiff is a beneficiary of the trust funds received by Defendant and Fahrenheit.

24. There may be persons other than those named as parties to this action who may have some claim upon an interest in the aforesaid trust funds, and this cause of action is brought for the benefit of Plaintiff and for the benefit of any other persons having such interest in the aforesaid trust funds.

25. That upon information and belief, Defendant made unauthorized, illegal, unjustified and improper payments and diversions of the trust funds, and applied them for purposes other than paying for labor, materials, equipment and services furnished in connection

with the Fahrenheit Projects, notwithstanding that sums were due and owing to trust beneficiaries such as Plaintiff at the time Fahrenheit and Defendant received such trust funds, or at the time such trust funds became available, with the knowledge and intent to divert payments from Plaintiff and other trust beneficiaries.

26. That upon information and belief, Defendant participated in, directed and/or caused the unauthorized and improper diversion of trust assets with the knowledge and intent to divert payments from Plaintiff and other trust beneficiaries.

27. That upon information and belief, Defendant received trust assets in violation of Article 3-A of the Lien Law and consented to the diversion of trust assets with the knowledge and intent to divert payments from Plaintiff and other trust beneficiaries.

28. That upon information and belief, Defendant's diversion, receipt and/or use of such trust funds was with notice and knowledge of the source and origin thereof, and with notice and knowledge of the claims of contractors, laborers, materialmen and subcontractors which were entitled, as statutory beneficiaries, to payment out of such trust funds.

29. That upon information and belief, in violation of Lien Law § 75, Defendant and Fahrenheit did not maintain sufficient and proper accounting records reflecting the establishment of any trust fund for the protection of Plaintiff and the laborers, suppliers, subcontractors and materialmen of Fahrenheit in connection with the Fahrenheit Projects.

30. That Lien Law § 75 provides that the failure of Defendant to keep and maintain such books and records is presumptive evidence that he applied, or consented to, the application of trust funds actually received by him for purposes other than for legitimate trust fund purposes as specified in Section 71 of the Lien Law.

31. That Lien Law § 79(a) provides that any trustee of a trust arising under Article 3A of the Lien Law, and any officer, director or agent of such trustee, who applies or consents to the application of trust funds in a manner other than as defined in Lien Law § 71 is guilty of larceny and punishable as provided in the Penal Law.

32. That upon information and belief, Defendant has misappropriated and diverted trust funds in violation of Article 3-A of the Lien Law, with the knowledge and intent to divert payments from Plaintiff and other trust beneficiaries.

33. Accordingly, Defendant has violated the Lien Law, and is presumed by law to have committed an act which constitutes larceny under the Lien Law of New York.

34. Since the above acts constitute a public harm in violation of public policy, as well as a violation of the Lien Law, the conduct of Defendant in knowingly and intentionally diverting trust funds, is a public wrong, which has simultaneously injured Plaintiff.

35. Because of the egregious and unlawful conduct of Defendant in knowingly and intentionally diverting trust monies in violation of the Lien Law, accompanied by extreme malice or reckless or willful disregard of Plaintiffs rights and the rights of subcontractors, suppliers, materialmen, Plaintiff is entitled to an accounting and to recover from Defendant a sum to be determined at trial but expected to exceed $234,073.77, plus attorneys' fees, and exemplary and punitive damages in the sum of at least $5,000,000.00.

**AS AND FOR A SECOND CLAIM**
(**Fraud and Defalcation While Acting as a Fiduciary,
Embezzlement, and Larceny pursuant to 11 U.S.C. § 523(a)(4)**

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "35" above, as if same were more fully set forth at length herein.

37. That pursuant to § 523(a)(4) of the Bankruptcy Code, a debt incurred by a debtor who perpetrates fraud or defalcation while acting as a fiduciary, or embezzlement or larceny, shall be non-dischargeable.

38. That upon information and belief, all or part of the debt owed to Plaintiff, based on Defendant's diversion and misappropriation of trust funds, is non-dischargeable since it is a debt for fraud or defalcation while Defendant was acting in a fiduciary duty, embezzlement, or larceny within the meaning of § 523(a)(4).

39. As such, under 11 U.S.C. §523(a)(4), the amount of at least $234,073.77 owed to Plaintiff by Defendant should be declared non-dischargeable because of Defendant's fraud or defalcation while he was acting in a fiduciary duty, embezzlement, or larceny in clear violation of Article 3-A of the Lien Law.

## AS AND FOR A THIRD CLAIM
(**Failing to Preserve Books and Records
pursuant to 11 U.S.C. § 727(a)(3)**)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "39" above, as if same were more fully set forth at length herein.

41. That 11 U.S.C. § 727(a)(3) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.

42. That upon information and belief, Defendant has failed to preserve information from which his financial condition and business transactions can be ascertained, including information and records concerning the sums withdrawn and/or transferred to Defendant (or his companies) from Fahrenheit.

43. That specifically, upon information and belief, Defendant has failed to preserve books and records which would explain what happened to the funds he and Fahrenheit received in connection with the Fahrenheit Projects.

44. That upon information and belief, Defendant has failed to preserve tax records for his companies, including Fahrenheit and the other companies of which he is the sole officer, member and/or shareholder.

45. That the Defendant was under a legal obligation to maintain such records, and his failure to do so was unjustified.

46. That Defendant's failure to maintain such records was done for the purpose of frustrating creditors and beneficiaries, such as Plaintiff.

47. That upon information and belief, Defendant's discharge should be denied as he cannot produce documents, because he has intentionally destroyed them, from which his financial condition, and the financial condition of Fahrenheit, from which is wrongfully diverted trust funds, can be determined.

48. That as such, pursuant to 11 U.S.C. § 727(a)(3), the Court should deny Defendant a discharge in bankruptcy.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. On the First Claim pursuant to Article 3-A of the Lien Law as follows:

1. That Defendant be required to account for the Article 3-A trust funds which were received with respect to certain the Fahrenheit Projects, or so much as may be necessary to pay all of the respective claims of Plaintiff and all of the others who may hereafter join in this action, up to the time of final judgment, together with interest from the date of the receipt of each of the sums alleged, and the costs and disbursements of this action;

        2.       That Defendant be declared trustees of such sums aggregating at least the amount of $234,073.77 or so much as may be necessary to pay all of the respective claims of all of the beneficiaries that may be vouched herein, and that Plaintiff and all others who may be joined in this action be adjudged to have claims thereon for the amounts of their respective claims with interest; and

        3.       That Plaintiff recover from Defendant the sum of $234,073.77, plus applicable interest thereon, plus exemplary and punitive damages in an amount to be determined by the Court, but not less than $5,000,000.00, and reasonable attorneys' fees.

    B.    On its Second Claim pursuant to 11 U.S.C. § 523(a)(4), denying the dischargeability of Plaintiff's claims and/or judgment against Defendant for diversion of trust funds under Article 3-A of the Lien Law in the amount of $234,073.77;

    C.    On its Third Claim pursuant to 11 U.S.C. § 727(a)(3), denying Defendant discharge in bankruptcy of Plaintiff's claims and/or judgment against Defendant for diversion of trust funds under Article 3-A of the Lien Law; and

    D.    Granting such other and further relief as may be deemed just and proper.

Dated:  Woodbury, New York
         October 6, 2023

                                        KAUFMAN DOLOWICH & VOLUCK, LLP
                                        *Counsel to Plaintiff, The Ideal Supply Company*

                                        By: _____
                                            Adam A. Perlin
                                        135 Crossways Park Drive, Suite 201
                                        Woodbury, NY 11797