UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
In Re:

        DAVID RUSI,

                            Debtor,

Chapter 7

Case No. 23-40150-jmm

---------------------------------------------------------------------------------X
THE IDEAL SUPPLY COMPANY,

                            Plaintiff,

        v.

DAVID RUSI,

                            Defendant.

Adv. Pro. No.:
       1-23-01087-jmm

---------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
IDEAL SUPPLY COMPANY'S MOTIONFOR SUMMARY JUDGMENT**

JOHN J.MACRON
Attorney for Defendant David Rusi
491 Bard Avenue
Staten Island, NY 10310
718-889-3583

TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)

*Atlas Bldg. Sys. v. Rende, 236 A.D.2d 494*

*In Re Bartlett 397 B.R. 610 (Bankr. D. Mass. 2008)*

*In re Baylis*, 313 F.3d 9, 20 (1st Cir. 2002)

*In Re Boyard*, 538 B.R. 645, at 655. (Bankr. EDNY 2015)

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

*In re Duncan*, 331 B.R. 70, 86 (Bankr. E.D.N.Y. 2005)

*In re Hyman*, 502 F.3d 61, 68 (2d Cir. 2007)

*Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999)

*In re Zoldan*, 226 B.R. 767, 772 (S.D.N.Y. 1998)


*11 U.S.C. Sec. 523(a)(4)*

*Fed. R. Civ. P.* 56(c)

*Fed. R. Bankr. P.* 7056

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
In Re:

        DAVID RUSI,

                              Debtor,

Chapter 7

Case No. 23-40150-jmm

---------------------------------------------------------------------------------X
THE IDEAL SUPPLY COMPANY,

                              Plaintiff,

             v.

DAVID RUSI,

                              Defendant.

Adv. Pro. No.:
        1-23-01087-jmm

---------------------------------------------------------------------------------X

**Preliminary Statement**

Debtor / Defendant David Rusi ("Rusi" or Defendant) filed for protection under Chapter 7 after suffering exceptional problems in both his business and his personal life. The instant Adversary Proceeding is objecting to the discharge of Plaintiff's claim seeking a finding of non-dischargeability under *11 U.S.C. Sec. 523(a)(4).*

**Factual Background**

Defendant attended at a deposition by Plaintiff. He was forthcoming in setting forth his circumstances leading to his problems.

He was forthcoming in explaining how the business Fahrenheit Mechanical operated. He explained how he and two other (minority) owners shared responsibility at the company.

He was forthcoming as to his inability to provide a Verified Statement under Lien Law.

There has not been a refusal to supply information, but rather an inability to provide the information. Clearly, there was not a failure to maintain books and records, but rather an inability to locate them.

There have not been violations of any Orders of this Court. The Defendant deserves to obtain the benefit underlying policy of the Bankruptcy Code to grant debtors a 'fresh start."

## Legal Argument

It is well-settled that the Bankruptcy Code is designed to offer a Debtor a fresh start. The burden of proving the right to object to the discharge lies with the party opposing discharge. The Defendant filed for bankruptcy protection.

### There Is A Factual Dispute As To Debtor's Conduct

Plaintiff repeatedly refers to Debtor's "failure to maintain its books and records". This fact is fully contested by the Debtor. Clearly, this is an issue of fact which must be determined at trial. As Debtor has stated at his deposition and in his Affirmation in opposition. The books and records were maintained. In fact, the same were used to create the tax returns and other items supplied to Plaintiff.

While a primary purpose of Article 3A is to ensure that those who have expended labor and material receive payment, *Atlas Bldg. Sys. v. Rende, 236 A.D.2d 494*. However, the reasoning in *Atlas Building* must also be viewed

The simple fact is that Defendant has not been able to locate these documents as they have been misplaced or otherwise lost. Fiduciary liability, such as being alleged here is not absolute. Whether Debtor misused funds, sufficient to deny a discharge under *11 U.S.C. Sec. 523(a)(4)* requires a strong showing. In fact, the fraudulent intent element is still required under§ 523(a)(4). See, *In Re Boyard*, 538 B.R. 645, at 655. (Bankr. EDNY 2015).

The Defendant has not had a "casual attitude" towards these funds.

As was specified by Mr. Rusi, the funds were used to entertain clients to obtain new work. This was wholly within the framework of the operations of Fahrenheit Mechanical as fully delineated by Defendant in his deposition and his Affirmation.

Applying this standard, the allegations are not sufficient to establish the Debtor's "conscious misbehavior or extreme recklessness,"*i.e.*, defalcation which acting in a fiduciary capacity.

## Plaintiff Has Not Met Its Burden

A creditor has the burden of establishing defalcation by a preponderance of the evidence, see ***In Re Bartlett***, 397 B.R. 610 at 619 (citing Grogan v. Garner, 498 U.S. 279, 286, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991)).

***In re Duncan***, 331 B.R. 70, 86 (Bankr. E.D.N.Y. 2005) establishes that "defalcation" is not defined in the Bankruptcy Code.".

While other circuits have held that an innocent mistake may constitute defalcation, the Second Circuit, aligning itself with the First Circuit, held that defalcation, for purposes of §523(a)(4) "require[s] a showing of conscious misbehavior or extreme recklessness…", ***In re Hyman***, 502 F.3d 61, 68 (2d Cir. 2007); ***In re Baylis***, 313 F.3d 9, 20 (1st Cir. 2002); ***Press v. Chem. Inv. Servs. Corp.***, 166 F.3d 529, 538 (2d Cir. 1999).

This standard comports with the Bankruptcy Code's "fresh start" policy, ***Baylis***, 313 F.3d at 19, and "ensures that the term 'defalcation' complements but does not dilute the other terms of the provision. It remains that it requires a showing of wrongful intent." ***Hyman***, 502 F.3d at 68.

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." ***Fed. R.***

*Civ. P*. 56(c); **Fed. R. Bankr. P**. 7056; **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." Id. at 248.

The instant matter is replete with factual disputes. Did the Rusi fail to maintain books and records? Rusi has explained both how he had books and records and why he cannot locate them.

Did Rusi "divert" funds as alleged by Plaintiff? Rusi denies any diversions and explains how these errors occurred.

The standard to prevail under § 523(a)(4), the challenging creditor must show that (1) the debtor acted in a fiduciary capacity; and (2) the debtor committed defalcation while acting in that capacity." ***In re Bartlett***, 397 B.R. 610, 619 (Bankr. D. Mass. 2008) and ***In re Zoldan***, 226 B.R. 767, 772 (S.D.N.Y. 1998). Defalcation has not been shown by a preponderance of the evidence and the relief sought herein is inappropriate.

## CONCLUSION

Accordingly, it respectfully requested that this Court deny the motion by Plaintiff and grant to Defendant, such further and different relief as this Court deems fair just and proper.

Dated: Staten Island, New York
      August 22, 2024

                        /s/   *John J. Macron*
                              John J. Macron